THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL C. ECCLESTON, Appellant.—Judgment unanimously modified on the law and as a matter of discretion in the interest of justice and as modified affirmed, in accordance with the following memorandum: On the afternoon of August 27, 1987, defendant was operating his automobile at a high rate of speed in Steuben County when it crossed over the center of the highway and struck an oncoming vehicle occupied by four people, all of whom were killed as a result of the collision. A

test of a blood sample taken following the accident revealed the presence of .11 of one percentum by weight of alcohol in defendant's blood. The jury found defendant guilty of every count in the indictment, including four counts of reckless manslaughter in the second degree (Penal Law § 125.15 [1]); eight counts of vehicular manslaughter in the second degree (Penal Law § 125.12 [2]); four counts of criminally negligent homicide (Penal Law § 125.10); one count of operating a motor vehicle while intoxicated (Vehicle and Traffic Law § 1192 [3]); and one count of operating a motor vehicle while having a blood alcohol content of .10% or more (Vehicle and Traffic Law § 1192 [2]).

In charging the jury, County Court erred in failing to submit the reckless manslaughter counts in the alternative to all of the other homicide counts in the indictment. Reckless manslaughter requires proof of a culpable mental state which is inconsistent with that required for the other homicide charges *(see,* CPL 300.30 [1], [5]; 300.40 [5]; 300.50 [1]; *People v Gallagher,* 69 NY2d 525; *People v Robinson,* 145 AD2d 184, *affd on opn below* 75 NY2d 879). The issue thus arising is not preserved for review, however, and we decline to exercise our discretion to review it in the interest of justice *(see,* CPL 470.15 [6]). Nevertheless, because the People "concede" that the vehicular manslaughter convictions should be reversed, we exercise our discretion to that extent and in the interest of justice we dismiss the counts of the indictment charging that crime.

The People also concede that the court erred in failing to submit the criminally negligent homicide charges in the alternative because they are inclusory concurrent counts to those charging reckless manslaughter *(see,* CPL 300.40 [3] [b]; *People v Green,* 56 NY2d 427; *People v Stanfield,* 36 NY2d 467). Thus, the convictions for criminally negligent homicide must also be reversed and the counts charging those crimes must be dismissed *(see,* CPL 300.40 [3] [b]). Additionally, we view the People's concession to reverse and dismiss the vehicular manslaughter convictions as extending to defendant's convictions under Vehicle and Traffic Law § 1192 (2) and (3). The latter are inclusory concurrent counts of the former and the convictions thereon should also be reversed and dismissed. Thus viewed, there is no need to address defendant's argument that the court erred in its charge defining intoxication.

We have considered the other issues raised by defendant on appeal and find them to be without merit. (Appeal from judgment of Steuben County Court, Finnerty, J.—manslaugh-

ter, second degree.) Present—Dillon, P. J., Doerr, Boomer, Davis and Lowery, JJ.