■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEBRA SPURLING, Appellant. [604 NYS2d 997] —Mikoll, J. P. Appeal from a judgment of the County Court of Madison County (O'Brien, III, J.), rendered March 11, 1992, upon a verdict convicting defendant of the crimes of manslaughter in the second degree and vehicular manslaughter in the second degree, and the traffic infraction of failure to keep right.

As a result of events that took place on April 4, 1991, defendant was indicted for manslaughter in the second degree, vehicular manslaughter in the second degree, criminally negligent homicide, two counts of driving while intoxicated as a misdemeanor, reckless driving and failure to keep right. Essentially defendant was accused of operating her car, while intoxicated, in a westerly direction on Hamilton Street in the Town of Hamilton, Madison County, and driving it into the eastbound lane of travel striking an oncoming bicycle and its rider causing said rider's death. Defendant was thereafter tried before a jury and convicted of manslaughter in the second degree, vehicular manslaughter in the second degree and failure to keep right. She was sentenced to concurrent terms of imprisonment of 5 to 15 years on the manslaughter

conviction and 2½* to 7 years' imprisonment on the vehicular manslaughter conviction. She was also given an unconditional discharge on the failure to keep right charge.

There should be a reversal and the matter remitted for a new trial. We initially reject defendant's first argument that the testimony of the People's expert witness on accident reconstruction as to where the point of impact occurred on Hamilton Street was erroneously received into evidence because the expert could only fix the "possible" point of impact instead of the exact point of impact. We find no abuse of County Court's discretion in admitting the expert's testimony as to the impact as he demonstrated "a degree of confidence in his conclusions sufficient to satisfy accepted standards of reliability" *(People v Brown,* 67 NY2d 555, 560, *cert denied* 479 US 1093; *People v Cronin,* 60 NY2d 430, 433).

There is merit, however, to defendant's next argument that County Court erred in denying her request that the crimes of manslaughter in the second degree (Penal Law § 125.15 [1]) (and its lesser included offenses) and vehicular manslaughter in the second degree (Penal Law § 125.12 [1]) (along with its lesser included offenses) be submitted to the jury in the alternative *(see,* CPL 300.40 [5]); accordingly, reversal of the convictions as to those charges is warranted *(see, People v Gallagher,* 69 NY2d 525, 530). The two counts require different mental states *(recklessness*—a person is aware of and consciously disregards a substantial risk of death; *criminal negligence*—a person culpably fails to perceive the substantial and unjustifiable risk of death), so that "guilt of one necessarily negates guilt of the other" *(supra,* at 529; *see, People v Eccleston,* 161 AD2d 1184, 1185, *lv denied* 76 NY2d 855; *People v Osburn,* 155 AD2d 926, 927, *lv denied* 75 NY2d 816). Contrary to the People's assertion that the issue was not preserved for appellate review, defendant did timely request that the two crimes be charged alternatively during the precharge conference and again called it to the court's attention during the exceptions taken at the end of the charge *(see, People v Lee,* 102 AD2d 540, 541).

We do not find it necessary to comment on defendant's other assertions of error in view of our decision to reverse and order a new trial.

Yesawich Jr., Mercure and Casey, JJ., concur. Ordered that

---

* The parties agree that defendant received 2½ to 7 years' imprisonment on the vehicular manslaughter conviction and not 3½ to 7 years as recorded in the sentencing minutes.

the judgment is reversed, on the law, and matter remitted to the County Court of Madison County for a new trial.