THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEBORAH SOULE, Appellant. [674 NYS2d 531] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a bench trial of murder in the second degree (Penal Law § 125.25 [4] [depraved indifference murder]) and manslaughter in the first degree (Penal Law § 125.20 [4] [reckless conduct manslaughter]) for causing the death of her fiancé's two-year-old son by beating, punching and kicking the child in the stomach. Defendant contends that the mens rea for murder in the second degree under Penal Law § 125.25 (4) and manslaughter in the first degree under Penal Law § 125.20 (4) are different and thus she could not be convicted of both charges. Because defendant failed to object to both charges being considered by the court in the conjunctive and did not move to set aside or modify the verdict pursuant to CPL 330.30, her contention has not been preserved for our review (*see*, CPL 470.05 [2]; *People v Alfaro*, 66 NY2d 985, 987; *see also*, *People v Sweet*, 234 AD2d 957, *lv denied* 89 NY2d 1101). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]).

Defendant's conviction is supported by legally sufficient evidence (*see*, *People v Bleakley*, 69 NY2d 490, 495). Considering the nature of the crime, we conclude that the court did not abuse its discretion in imposing a lengthy sentence. (Appeal from Judgment of Ontario County Court, Harvey, J.—Murder, 2nd Degree.) Present—Green, J. P., Lawton, Wisner, Callahan and Boehm, JJ.