■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD F. SMITH, Appellant. [816 NYS2d 237]—

Cardona, P.J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered December 21, 1999, upon a verdict convicting defendant of the crimes of manslaughter in the second degree, vehicular manslaughter in the second degree and leaving the scene of an accident without reporting.

Defendant was convicted by a jury of the crimes of manslaughter in the second degree, vehicular manslaughter in the second degree and leaving the scene of an accident without reporting in connection with the operation of his vehicle in a pedestrian fatality on a roadside in the Town of Colonie, Albany County. The conviction was originally affirmed by this Court (288 AD2d 629 [2001], *lv denied* 97 NY2d 733 [2002]), however, subsequently, we granted defendant's motion for a writ of error coram nobis and vacated our order affirming the conviction upon the ground that appellate counsel was ineffective in failing to raise the effectiveness of trial counsel on one issue in the earlier appeal (21 AD3d 599 [2005]). Accordingly, upon this reinstated appeal, we solely address that issue.

The parties are in agreement that, to the extent that County Court did not instruct the jury to consider the manslaughter counts in the alternative, the jury charge was incorrect since it is legally impossible to conclude that defendant simultaneously acted recklessly as well as negligently in causing the victim's death (*see* CPL 300.40 [5]; *People v Spurling*, 199 AD2d 624, 625 [1993]; *cf. People v Gallagher*, 69 NY2d 525, 529-530 [1987]; *compare* Penal Law § 125.15 [1] *with* Penal Law former § 125.12). It is also not in dispute that defendant's trial counsel failed to request an alternative charge on both manslaughter counts. Where the parties do differ concerns the question of whether trial counsel's failure to seek a proper instruction constituted, by itself, the ineffective assistance of counsel.

We conclude that it did. Under the circumstances presented, trial counsel's failure to secure a proper jury instruction amounted to an error on a "clear-cut and completely dispositive" issue which resulted in a conviction which would not have occurred but for counsel's error (*People v Turner*, 5 NY3d 476, 481 [2005]; *see People v Milazo*, 18 AD3d 1068, 1070 [2005]). Had counsel requested that the counts be charged in the alternative and had the jury been so charged, it would not have returned the verdict convicting defendant of two crimes with contradictory requisite mental states (*see* CPL 300.40 [5]; *People v Spurling, supra* at 625). Thus, counsel's omission occasioned an impermissible conviction and thereby constituted a " 'sufficiently egregious and prejudicial' " error warranting a new trial (*People v Flores*, 84 NY2d 184, 188 [1994], quoting *Murray v Carrier*, 477 US 478, 496 [1986]).

Spain, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law and the facts, and matter remitted to the County Court of Albany County for a new trial.