■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BUSS, Appellant. [843 NYS2d 376]—

Appeal by the defendant from an order of the County Court, Nassau County (Belfi, J.), dated December 11, 2003, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In 1983 the defendant pleaded guilty to assault in the second degree and sexual abuse in the first degree and was sentenced to concurrent indeterminate terms of two to six years' imprisonment. While on parole for those crimes, the defendant, in 1987, attempted to kill a female acquaintance by tying her up with an extension cord, slashing her throat, and stabbing her twice in the chest. Based in part on the victim's complaint to the police, the defendant was charged with attempted murder in the second degree, rape in the first degree, sodomy in the first degree (two counts), and assault in the third degree (two counts). The defendant pleaded guilty to attempted murder in the second degree in full satisfaction of the indictment, and has denied any sexual motivation for the 1987 attack.

In September 2002, prior to the defendant's release from prison, the Board of Examiners of Sex Offenders (hereinafter the Board) prepared a risk assessment instrument pursuant to the Sex Offender Registration Act (Correction Law art 6-C, hereinafter SORA) in connection with the defendant's 1983 conviction of sexual abuse. The defendant was assessed a total score of 80 points, placing him presumptively in the level two category. However, in light of the defendant's 1987 conviction, the Board recommended an upward departure to level three. In making its recommendation, the Board credited the victim's statement that the defendant brutally raped and sodomized her before stabbing her and slashing her throat. The defendant opposed the Board's recommendation and also moved to delete the

victim impact statement from the presentence investigation report prepared in connection with the 1987 conviction. The County Court denied the motion and, after a hearing, designated the defendant a level three sex offender. We affirm.

Contrary to the defendant's contention, the victim impact statement was properly made part of the 1987 presentence investigation report (see CPL 390.30 [3] [b]). Therefore, the County Court correctly denied the defendant's motion to strike it from the report.

Moreover, regardless of whether the 1987 attempted murder was in fact sexually motivated, the extreme brutality of that crime, coupled with the fact that it was committed while the defendant was still on parole following a violent sexual offense, provided clear and convincing support for the Board's recommendation of an upward departure (see People v Hands, 37 AD3d 441 [2007]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 14 [1997 ed] [subsequent criminal history "may be the basis for an upward departure if it provides reason to believe that the offender poses an increased risk to public safety"]).

Additionally, the People tendered clear and convincing evidence that the defendant inflicted serious physical injury in the course of committing the 1983 assault and sexual abuse. During that attack, the victim—a 65-year-old female who was recovering from cancer treatment and a heart attack—was severely beaten, and as a result had to be placed in intensive care. She suffered severe contusions on the left side of her head and bruises on her throat and chest, and was left with impaired eyesight and periodic dizzy spells. A female friend of the victim, who tried in vain to assist her, was also beaten unconscious, and suffered a broken nose, bruised ribs, and a cracked vertebra (cf. Penal Law § 10.00 [10]; Matter of Timothy S., 1 AD3d 908 [2003]; People v Angelo M., 231 AD2d 925 [1996]; People v Salisbury, 64 AD2d 763 [1978]). Thus, even without the Board's recommendation of an upward departure, the County Court nevertheless properly determined that the defendant was presumptively a level three sex offender by application of automatic override number two, which deals with the infliction of serious physical injury (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 18 [1997 ed]).

The defendant's remaining contentions either are without merit or need not be reached in light of our determination. Miller, J.P., Skelos, Covello and McCarthy, JJ., concur.