■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN CHARLOTTEN, Appellant. [857 NYS2d 756]—

Peters, J.P. Appeals (1) from a judgment of the County Court of Albany County (Herrick, J.), rendered October 12, 2005, convicting defendant upon his plea of guilty of the crime of criminal contempt in the first degree, and (2) by permission, from two orders of said court, entered June 29, 2006 and October 18, 2006, which denied defendant's motions pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

The facts underlying this case can be found in our prior decision (44 AD3d 1097 [2007]), where we held these appeals in abeyance pending remittal of the matter to County Court for a hearing on defendant's CPL article 440 motions with respect to his claim of ineffective assistance of counsel. Upon remittal, the hearing was held and, upon our review, the record supports a finding that counsel deprived defendant of meaningful representation by allowing him to plead guilty to a violation of a court order which was a nullity.

It is by now well settled that the gauge by which to measure counsel's effectiveness is whether the representation provided was meaningful (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Turner*, 37 AD3d 874, 876 [2007], *lv denied* 8 NY3d 991 [2007]). Here, as the temporary order of protection which defendant admitted to violating was a nullity, he pleaded guilty to conduct which did not constitute a crime (*see People v Bleau*, 276 AD2d 131, 133-134 [2001]). Counsel's failure to recognize the invalidity of the court order thus amounted to an error on a " 'clear-cut and completely dispositive' issue" (*People v Smith*, 30 AD3d 693, 694 [2006], quoting *People v Turner*, 5 NY3d 476, 481 [2005]) and, inasmuch as defendant demonstrated at the hearing that he would not have pleaded guilty but for this error by counsel (*see People v McDonald*, 1 NY3d 109, 115 [2003]; *Hill v Lockhart*, 474 US 52, 59 [1985]), we find that defendant did not receive the effective assistance of counsel. Furthermore, since the temporary order of protection became null and void on March 15, 2005, the subsequently issued superior court information charging him with a violation thereof must be dismissed (*see People v Bleau*, 276 AD2d at 133).

Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment and orders are reversed, on the law, motions to vacate granted and superior court information dismissed.