■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AVERY V. BAKER JR., Appellant. [872 NYS2d 229]—

Lahtinen, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered September 10, 2007, upon a verdict convicting defendant of the crimes of murder in the second degree, manslaughter in the first degree, manslaughter in the second degree, endangering the welfare of a child and reckless endangerment in the second degree.

The 20-month-old child of defendant's girlfriend made marks on a television screen with crayons. After defendant learned of this shortly after midnight on September 15, 2006, he directed the child's mother to rouse the child from his crib and bring the child to him; defendant struck him, and then he placed the child in a corner of the hallway to the apartment. When the child's crying continued, defendant reportedly went to the hallway, lifted him to eye level, shook him repeatedly and then threw him to the floor. He landed with his back and head striking the floor. The child was dead within three hours.

Defendant was indicted on charges of murder in the second degree (*see* Penal Law § 125.25 [4] [depraved indifference murder of a child]), manslaughter in the first degree (*see* Penal Law § 125.20 [4] [recklessly causing a child's death while intending to cause physical injury]), manslaughter in the second degree (*see* Penal Law § 125.15 [1] [recklessly causing death]) and endangering the welfare of a child (*see* Penal Law § 260.10 [1]). Also, based on an incident that had occurred three days earlier in which defendant allegedly threw the child into a metal crib, the indictment included misdemeanor charges of reckless endangerment in the second degree (*see* Penal Law § 120.20) and endangering the welfare of a child (*see* Penal Law § 260.10 [1]). County Court dismissed the endangering count arising from the September 15, 2006 conduct of defendant, and a jury convicted defendant of the remaining five counts. He was sentenced to three concurrent prison terms (20 years to life, 20 years, and 5 to 15 years) for the crimes that occurred on September 15, 2006 and, consecutive thereto, two concurrent one-year terms for the crimes arising from the September 12, 2006 incident. Defendant appeals.

Defendant initially argues that his right to a public trial was violated when County Court excluded the mother of his children from the courtroom. While the right to a public trial is fundamental, it is not absolute (*see People v Kin Kan*, 78 NY2d 54, 57 [1991]; *People v Hinton*, 31 NY2d 71, 73-74 [1972], *cert denied* 410 US 911 [1973]; *People v Brown*, 169 AD2d 934, 935

[1991], *lv denied* 77 NY2d 958 [1991]), and it is within the trial court's discretion to exclude a potential witness (*see People v Nevarez*, 245 AD2d 173, 173 [1997], *lv denied* 91 NY2d 943 [1998]; *see also People v Sayavong*, 83 NY2d 702, 708 [1994]; *People v Santana*, 80 NY2d 92, 100 [1992]). Here, defendant had listed this individual as a potential witness. In response to County Court's questions, defense counsel was initially equivocal, but became progressively more certain in indicating that he did not plan to call her as a witness. Nevertheless, counsel's responses appear conditioned primarily upon the fact that the mother's personal counsel had restricted defense counsel from speaking directly to her; that particular restriction could have changed during trial. Under such circumstances, we are unpersuaded that County Court abused its discretion in excluding this individual, who appeared on defendant's witness list (*see People v Nevarez*, 245 AD2d at 173; *People v Roundtree*, 234 AD2d 58, 58 [1996], *lv denied* 89 NY2d 988 [1997]; *People v Rodriguez*, 177 AD2d 664, 665 [1991], *lv denied* 79 NY2d 1006 [1992]).

Next, defendant contends that his conviction of depraved indifference murder of a child was against the weight of the evidence. Since an acquittal on this particular charge would not have been unreasonable, we "must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions" (*People v Danielson*, 9 NY3d 342, 348 [2007]). In conducting this review, we are careful to accord deference " 'to the fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor' " (*People v Romero*, 7 NY3d 633, 644 [2006], quoting *People v Bleakley*, 69 NY2d 490, 495 [1987]). Here, there was evidence that defendant—whose violence toward the child had resulted in the child receiving medical care only three days earlier—struck the child and placed him in a corner in the hallway. When the 20 month old cried, defendant, who was estimated as six feet five inches tall, brought the child up to his eye level, shook him and then threw him to the floor. Although the child stopped breathing and went limp, defendant directed the child's mother to delay calling for help. A forensic pathologist testified that the infant's cause of death was blunt force injuries to the head. Having weighed and "assessed the evidence in light of the elements of the crime as charged to the jury" (*People v Johnson*, 10 NY3d 875, 878 [2008]), we find unavailing the contention that the verdict is against the weight of the evidence (*see People v Heslop*, 48 AD3d 190, 193 [2007], *lv denied* 10 NY3d 935 [2008]; *People v Maddox*, 31 AD3d 970, 972-973 [2006], *lv denied* 7 NY3d 868 [2006]; *see also People v*

*Gratton*, 51 AD3d 1219, 1220-1221 [2008], *lv denied* 11 NY3d 736 [2008]).

Defendant argues that he was deprived of a fair trial because, during summation, the People displayed computer slides with the verbatim statutory definitions of recklessness and depraved indifference. Our recent decision in *People v Bryan* (46 AD3d 1219, 1221 [2007], *lv denied* 10 NY3d 809 [2008]) held that a similar presentation in summation did not require reversal and that precedent controls here.

Defendant lastly argues that the three homicide counts should have been submitted in the alternative as containing different mental states and that the failure to do so resulted in an inconsistent verdict. This issue was not preserved for our review and we decline to exercise our discretionary interest of justice jurisdiction (*see People v Carter*, 21 AD3d 1295, 1296 [2005], *affd* 7 NY3d 875 [2006]; *People v Young*, 296 AD2d 588, 589-590 [2002], *lv denied* 99 NY2d 541 [2002]; *People v Hildreth*, 279 AD2d 791, 793-794 [2001], *lv denied* 96 NY2d 940 [2001]; *People v Soule*, 251 AD2d 1056, 1056 [1998], *lv denied* 92 NY2d 951 [1998]).

Nor are we persuaded that the failure to preserve this issue elevates this case to the level of one of those rare cases where a single lapse can constitute ineffective assistance of counsel (*see generally People v Turner*, 5 NY3d 476, 478 [2005]). While not expressing an opinion on the inconsistent verdict argument, we note the following. This case implicated an area of law that has recently changed, with courts struggling over the effects of such changes (*see e.g. People v Suarez*, 6 NY3d 202 [2005] [four separate opinions by the Court of Appeals]; *People v Heslop*, 48 AD3d at 193-196, 198-199 [majority and dissenting ops]; Donnino, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law art 125, 2008 Pocket Part, at 169 [observing that "(f)ew terms have . . . engaged more differences of opinion among judges as to its meaning than the term 'depraved indifference to human life' "]). All three relevant statutes and the model charges include, among other things, an aspect of reckless conduct (*see* CJI2d[NY] Penal Law § 125.25 [4]; § 125.20 [4]; § 125.15 [1]). Two of the statutes were designed to enhance crimes and penalties when involving conduct by adults against young children and, thus, incorporated a reduction of some elements typically required for the crimes (*see People v Strawbridge*, 299 AD2d 584, 592 n [2002], *lv denied* 99 NY2d 632 [2003]; Donnino, Supp Practice Commentaries, McKinney's Cons Law of NY, Book 39, Penal Law art 125, 2008 Pocket Part, at 182). In addition, one of the crimes specifically includes both an intentional and reckless mental state, a combination which

is "rare" (Donnino, Supp Practice Commentaries, McKinneys Cons Laws of NY, Book 39, Penal Law art 125, 2008 Pocket Part, at 182). Finally, it is germane that the alleged error by counsel in this case did not constitute a "clear-cut and completely dispositive" defense to his client's entire criminal conduct (*People v Turner*, 5 NY3d at 481 [failure to assert a statute of limitations defense which would have prevented a conviction]; *see People v Charlotten*, 51 AD3d 1063 [2008] [allowing client to plead guilty to an order which was a nullity]; *but see People v Smith*, 30 AD3d 693 [2006]).* Under the circumstances, the alleged single error did not render counsel's representation ineffective (*see People v Carter*, 7 NY3d 875, 875-877 [2006]; *People v Turner*, 5 NY3d at 480-481).

Peters, J.P., Rose, Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed.

---

* *People v Smith* (*supra*) is distinguishable, in part, because the underlying omitted jury instruction involved a settled area with long-standing precedent on point that both parties acknowledged controlled.