■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER H. OSBORNE, Appellant. [875 NYS2d 396]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered June 29, 2005. The judgment convicted defendant, after a nonjury trial, of, inter alia, manslaughter in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by reversing those parts convicting defendant of driving while intoxicated and unlicensed operation of a motor vehicle and dismissing counts 7, 8 and 11 of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a bench trial of, inter alia, manslaughter in the second degree (Penal Law § 125.15 [1]), vehicular manslaughter in the second degree (§ 125.12 [former (2)]), assault in the second degree (§ 120.05 [4]), vehicular assault in the second degree (§ 120.03 [1]), driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]), and aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a] [i]). The People correctly concede that counts 7 and 8, charging defendant with driving while intoxicated, are lesser inclusory concurrent counts of count 2, charging defendant with vehicular manslaughter in the second degree; and that count 11, charging defendant with unlicensed operation of a motor vehicle, is a lesser inclusory

concurrent count of count 6, charging defendant with aggravated unlicensed operation of a motor vehicle. Thus, counts 7, 8 and 11 must be dismissed as a matter of law (*see generally People v Moore*, 41 AD3d 1149, 1152 [2007], *lv denied* 9 NY3d 879, *reconsideration denied* 9 NY3d 992 [2007]), and we therefore modify the judgment accordingly.

Defendant did not object to the verdict on the grounds that it was inconsistent both to find him guilty of manslaughter in the second degree and vehicular manslaughter, and to find him guilty of assault in the second degree and vehicular assault, and defendant thus failed to preserve for our review his contention with respect to the alleged inconsistencies (*see* CPL 470.05 [2]). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see generally People v Griffin*, 48 AD3d 1233, 1234 [2008], *lv denied* 10 NY3d 840 [2008]; *People v Eccleston*, 161 AD2d 1184, 1185 [1990], *lv denied* 76 NY2d 855 [1990]). We reject the further contention of defendant that defense counsel's failure to ask the court to consider those counts in the alternative deprived him of effective assistance of counsel. Although we agree with defendant that defense counsel should have asked the court to do so, we note that this was a bench trial (*cf. People v Smith*, 30 AD3d 693, 693-694 [2006]), that defendant was acquitted of murder in the second degree (Penal Law § 125.25 [4]), that the evidence is legally sufficient to support the more serious charges, and that the sentences on the inconsistent counts run concurrently with respect to each other. We therefore conclude that defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]), and that the "single lapse by otherwise competent counsel" did not deprive defendant of his constitutional right to effective assistance of counsel (*People v Turner*, 5 NY3d 476, 478 [2005]). Present—Scudder, P.J., Martoche, Centra, Fahey and Peradotto, JJ.