[887 NYS2d 196]

The People of the State of New York, Respondent, v Ana Rodriguez, Appellant.

Second Department, October 13, 2009

144

**APPEARANCES OF COUNSEL**

*Robert C. Mitchell*, Riverhead (*Robert B. Kenney* of counsel), for appellant.

*Thomas J. Spota, District Attorney*, Riverhead (*Grazia DiVincenzo* of counsel), for respondent.

**OPINION OF THE COURT**

COVELLO, J.

The principal question presented for our review on this appeal is whether the jury, which convicted the defendant of manslaughter in the first degree under Penal Law § 125.20 (4) and criminally negligent homicide (*see* Penal Law § 125.10), rendered an inconsistent verdict. We answer that question in the affirmative.

The defendant allegedly caused the death of her baby soon after giving birth to him. In the first count of a two-count indictment, the defendant was charged with depraved indifference murder under Penal Law § 125.25 (4). In the second count of the indictment, she was charged with manslaughter in the first degree under Penal Law § 125.20 (4). A common element of each crime is that an adult defendant caused the death of a child less than 11 years old (*see* Penal Law § 125.20 [4]; § 125.25 [4]).

The matter proceeded to a suppression hearing, after which the hearing court refused to suppress certain statements the de-

fendant made to certain detectives. Contrary to the defendant's contention, the record supports the hearing court's conclusion that she voluntarily made those statements after knowingly, voluntarily, and intelligently waiving her *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]). Accordingly, the hearing court correctly denied suppression of those statements (*see People v Valverde*, 13 AD3d 658, 659 [2004]).

The matter then proceeded to a jury trial. During the trial, the trial court granted the defendant's request to charge criminally negligent homicide (*see* Penal Law § 125.10) as a lesser-included offense of depraved indifference murder under Penal Law § 125.25 (4). Contrary to the defendant's contention, the trial court properly denied her request to give a particular charge to the jury concerning "live birth" (*cf.* CJI2d[NY] Penal Law § 125.05 [1]; *People v McDonald*, 283 AD2d 592, 593 [2001]; *People v Brown*, 250 AD2d 774, 775 [1998]).

Following a lengthy colloquy about how the three charged crimes would be submitted to the jury for its consideration, the trial court instructed the jury to initially consider the first count charging depraved indifference murder under Penal Law § 125.25 (4). The court then instructed the jury that if it acquitted the defendant of that crime, the jury had to consider criminally negligent homicide as a lesser-included offense of depraved indifference murder under Penal Law § 125.25 (4). The court then instructed the jury that, regardless of the verdict on the first count, it had to consider the second count charging manslaughter in the first degree under Penal Law § 125.20 (4).

The jury acquitted the defendant of depraved indifference murder under Penal Law § 125.25 (4). However, the jury convicted the defendant of criminally negligent homicide. The jury also convicted her of manslaughter in the first degree under Penal Law § 125.20 (4).

The defendant contends, as she did when moving to dismiss both counts at the close of the People's case, that the evidence was legally insufficient to support a finding that her baby was born alive. However, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to support such a finding. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the jury's implicit finding that the defendant's baby was born alive was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643-644 [2006]).

■ The defendant also contends that the jury verdict was inconsistent. The defendant's contention in this regard is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Alfaro*, 66 NY2d 985, 987 [1985]; *People v Stahl*, 53 NY2d 1048, 1050 [1981]). Nevertheless, under the circumstances, we reach that contention in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [3] [c]), reverse the judgment of conviction, and, inter alia, direct a new trial.

A jury verdict is inconsistent where the defendant is convicted of an offense containing an essential element that the jury has found the defendant did not commit (*see People v Trappier*, 87 NY2d 55, 58 [1995]; *People v Loughlin*, 76 NY2d 804, 806 [1990]; *People v Tucker*, 55 NY2d 1, 5-8 [1981]). In such a situation, the jury verdict is "inherently self-contradictory" (*People v Tucker*, 55 NY2d at 8). In order to determine whether a verdict is inconsistent, a court must examine the essential elements of each count as charged, and determine whether the jury's findings on those elements can be reconciled (*see People v Trappier*, 87 NY2d at 58; *People v Loughlin*, 76 NY2d at 806).

Here, the trial court correctly charged the jury that a defendant is guilty of criminally negligent homicide "when, with criminal negligence, he [or she] causes the death of another person" (Penal Law § 125.10). The trial court also correctly charged the jury that a defendant is guilty of manslaughter in the first degree under Penal Law § 125.20 (4) when, "[b]eing eighteen years old or more and with intent to cause physical injury to a person less than eleven years old, the defendant recklessly engages in conduct which creates a grave risk of serious physical injury to such person and thereby causes the death of such person."

If two counts are predicated on a particular act or omission of a defendant, and are further predicated on a particular result of the defendant's act or omission, convictions on those counts would be inconsistent if one count alleged that the defendant had a particular culpable mental state as to the result, and the other count alleged that the defendant had a different culpable mental state as to the result (*see People v Trappier*, 87 NY2d at 58-59). Thus, for example, if two counts are predicated on a particular act or omission of a defendant, and are further predicated on the defendant's act or omission resulting in another person's death, convictions on those counts would be inconsistent if one count alleged that the defendant intentionally caused the person's death and the other count alleged that the defendant

recklessly caused the person's death (*see People v Gallagher*, 69 NY2d 525, 529-530 [1987]). Indeed, it would be "impossible to determine what if anything the jury decided on the issue of [the] defendant's mental state at the time of the offense" (*People v Gallagher*, 69 NY2d at 530). That is the case here.

In convicting the defendant of manslaughter in the first degree under Penal Law § 125.20 (4), enacted by the Legislature "to enhance the penalties for an adult . . . who assaults a child . . . and thereby causes . . . death" (Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 125.00, at 127), the jury necessarily found that the defendant, among other things, "recklessly engage[d] in conduct" that caused two results (Penal Law § 125.20 [4]). First, the jury necessarily found that the defendant's conduct resulted in the creation of a particular risk (*cf. People v Trappier*, 87 NY2d at 58-59), to wit, "a grave risk of serious physical injury to" her baby (Penal Law § 125.20 [4]). Second, the jury necessarily found that by recklessly engaging in the conduct she engaged in, the defendant "thereby cause[d] the death of" her baby (Penal Law § 125.20 [4]). Hence, the jury necessarily found that the defendant, with recklessness (*see* Penal Law § 15.05 [3]), caused the death of her baby (*see* Penal Law § 125.20 [4]; *People v Baker*, 58 AD3d 1069, 1070 [2009], *lv granted* 12 NY3d 851 [2009] [characterizing the elements of the crime of manslaughter in the first degree under Penal Law § 125.20 (4) as, inter alia, "recklessly causing a child's death"]). Yet, in convicting the defendant of criminally negligent homicide, the jury necessarily found that the defendant, with criminal negligence (*see* Penal Law § 15.05 [4])—a different and less culpable mental state than recklessness (*see People v Montanez*, 41 NY2d 53, 56 [1976])—caused the death of her baby (*see* Penal Law § 125.10). Because the jury verdict reflects that the jury assigned different culpable mental states to the defendant with respect to a particular result of a particular act or omission, its verdict was inconsistent (*cf. People v Helliger*, 96 NY2d 462, 467 [2001]; *People v Smith*, 30 AD3d 693, 693-694 [2006]; *People v Spurling*, 199 AD2d 624, 625 [1993]; *People v Eccleston*, 161 AD2d 1184, 1185 [1990]).

The defendant's remaining contentions have been rendered academic in light of our determination.

■ Since the jury acquitted the defendant of depraved indifference murder under Penal Law § 125.25 (4), this Court is without the power to order a retrial on a charge of criminally

negligent homicide, as criminally negligent homicide was charged as a lesser-included offense of depraved indifference murder under Penal Law § 125.25 (4) (*see People v Gonzalez*, 61 NY2d 633, 635 [1983]; *People v Beslanovics*, 57 NY2d 726, 727 [1982]; *People v Mayo*, 48 NY2d 245, 249-253 [1979]; *People v Lauderdale*, 295 AD2d 539, 540 [2002]). Accordingly, the judgment is reversed, on the law, count one of the indictment charging depraved indifference murder under Penal Law § 125.25 (4) is dismissed with leave to the People to re-present any appropriate charges to another grand jury (*see People v Gonzalez*, 61 NY2d at 635; *People v Lauderdale*, 295 AD2d at 540; *People v Robinson*, 145 AD2d 184, 185-186 [1989], *affd* 75 NY2d 879 [1990]), and a new trial is ordered with respect to count two of the indictment charging manslaughter in the first degree under Penal Law § 125.20 (4). We note that in the event the defendant is retried on charges of criminally negligent homicide and manslaughter in the first degree under Penal Law § 125.20 (4), those crimes should not be submitted to the jury in the conjunctive, as they were here, but rather, in the alternative, so as to preclude the possibility of an inconsistent verdict (*see* CPL 300.30 [5]; 300.40 [5]; *Matter of Suarez v Byrne*, 10 NY3d 523, 534 [2008]; *People v Johnson*, 87 NY2d 357, 359-360 [1996]; *People v Gallagher*, 69 NY2d at 529-530; *People v Smith*, 30 AD3d at 693; *People v Robinson*, 145 AD2d at 185-186).

MASTRO, J.P., BALKIN and AUSTIN, JJ., concur.

Ordered that the judgment is reversed, on the law, count one of the indictment charging depraved indifference murder under Penal Law § 125.25 (4) is dismissed with leave to the People to re-present any appropriate charges to another grand jury (*see People v Beslanovics*, 57 NY2d 726, 727 [1982]), and a new trial is ordered with respect to count two of the indictment charging manslaughter in the first degree under Penal Law § 125.20 (4).