■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD BAIN, Appellant. [926 NYS2d 301]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered July 10, 2007, convicting him of manslaughter in the second degree, vehicular manslaughter in the second degree, and driving while intoxicated per se, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of driving while intoxicated per se and the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant failed to preserve for appellate review his

contention that the evidence was not legally sufficient to support his conviction of vehicular manslaughter in the second degree (*see* Penal Law § 125.12 [1]), as defense counsel did not argue that the evidence adduced at trial rebutted the presumption that the death of the defendant's wife was caused by his operation of the vehicle while legally intoxicated (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of vehicular manslaughter in the second degree beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the People failed to establish the chain of custody for the blood evidence recovered in this case is without merit (*see People v Julian*, 41 NY2d 340, 343 [1977]; *People v Morgan*, 48 AD3d 703 [2008]; *People v Isaac*, 40 AD3d 1118 [2007]). Any deficiencies in the chain of custody affected only the weight of the evidence, not its admissibility (*see People v Hawkins*, 11 NY3d at 494; *People v Julian*, 41 NY2d at 343; *People v Isaac*, 40 AD3d 1118 [2007]).

Viewing the record as a whole, we find that the defendant received meaningful representation (*see People v Taylor*, 1 NY3d 174 [2003]; *People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 146-147 [1981]).

As the People correctly concede, the defendant's conviction of vehicular manslaughter in the second degree requires dismissal of the lesser inclusory concurrent count of driving while intoxicated per se (*see* Penal Law § 125.12 [1]; Vehicle and Traffic Law § 1192 [2]; *People v Grier*, 37 NY2d 847 [1975]; *People v Peryea*, 68 AD3d 1144, 1145 [2009]; *People v Osborne*, 60 AD3d 1310, 1310-1311 [2009]; *People v Mabee*, 300 AD2d 509 [2002]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Mastro, J.P., Florio, Belen and Chambers, JJ., concur.