*960 Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robbins, J.), rendered January 5, 2012, convicting him of vehicular manslaughter in the second degree, criminally negligent homicide, reckless endangerment in the second degree, reckless driving, driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (3), and driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (2), upon a jury verdict, and imposing sentence.
Ordered that the judgment is modified, on the law, by vacating the convictions of driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (3) and driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (2), and the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.
On September 20, 2009, the defendant entered an intersection at a high rate of speed, and struck a vehicle driven by the victim, killing him. Evidence was adduced at the trial that the defendant was intoxicated at the time. The absence of tire marks indicated that the defendant had not tried to swerve prior to the accident. In addition, a streetlight at the intersection was not working, and a factor in the victim’s death was that he was not wearing a seat belt and, therefore, was ejected through the driver’s side window and door.
The defendant was indicted for manslaughter in the second degree, vehicular manslaughter in the second degree, reckless endangerment in the second degree, driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (3), driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (2), and reckless driving. After a jury trial, he was convicted of criminally negligent homicide as a lesser included offense of manslaughter in the second degree, vehicular manslaughter in the second degree, reckless endangerment in the second degree, driving while intoxicated in violation of subdivisions (2) and (3) of Vehicle and Traffic Law § 1192, and reckless driving.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt of criminally negligent homicide and vehicular manslaughter in the second degree beyond a reasonable doubt. The evidence that the defendant caused the victim’s death by speeding while he was intoxicated was legally sufficient evidence of criminally negligent homicide (see People v Loughlin, 76 NY2d 804, 807 [1990]). Moreover, a defendant may be found criminally responsible for homicide, even if his or her conduct was not the *961 sole cause of death, as long the defendant’s actions were a “sufficiently direct cause” of death by “setting in motion” the events that caused the death (People v DaCosta, 6 NY3d 181,184 [2006] [internal quotation marks and brackets omitted]). In the instant case, the facts indicate that the defendant’s actions set events in motion that caused the victim’s death.
A person is guilty of vehicular manslaughter in the second degree when he or she, inter alia, operates a motor vehicle while intoxicated in such a manner as to cause the death of another person (see Penal Law § 125.12 [1]). The law provides that “[i]f it is established that the person operating such motor vehicle . . . caused such death while unlawfully intoxicated . . . then there shall be a rebuttable presumption that, as a result of such intoxication . . . such person operated the motor vehicle ... in a manner that caused such death” (Penal Law § 125.12). That statutory presumption was properly applied in this case.
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to criminally negligent homicide and vehicular homicide in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
As the People correctly concede, the convictions of driving while intoxicated in violation of subdivisions (2) and (3) of Vehicle and Traffic Law § 1192 must be dismissed as inclusory concurrent counts of vehicular manslaughter in the second degree (see Penal Law § 125.12 [1]; Vehicle and Traffic Law § 1192 [2], [3]; People v Grier, 37 NY2d 847 [1975]; People v Bain, 85 AD3d 1193, 1194 [2011]; People v Peryea, 68 AD3d 1144, 1145 [2009]; People v Osborne, 60 AD3d 1310 [2009]).
The defendant’s contention that the jury instructions with respect to causation were erroneous is unpreserved for appellate review (see CPL 470.05 [2]) and, in any event, without merit (see People v DaCosta, 6 NY3d 181, 184 [2006]).
The sentences imposed on the convictions of vehicular manslaughter in the second degree, criminally negligent homicide, reckless endangerment in the second degree, and reckless driving were not excessive (see People v Suitte, 90 AD2d 80 [1982]).
The defendant’s remaining contentions are without merit. Skelos, J.R, Dickerson, Cohen and Hinds-Radix, JJ., concur.