■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC CHERRY, Appellant. [5 NYS3d 527]—Appeals by the defendant from two judgments of the Supreme Court, Queens County (Lasak, J.), both rendered June 13, 2012, convicting him of manslaughter in the first degree under Indictment No. 2655/08, and assault in the second degree under Indictment No. 547/11, upon a jury verdict, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant contends, in his main brief, that the evidence was legally insufficient to support his conviction of manslaughter in the first degree because the People failed to establish that he intended to cause serious physical injury to the decedent. However, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish that the defendant intended to cause serious physical injury to the decedent (*see People v Baranov*, 121 AD3d 706 [2014]; *People v Meacham*, 84 AD3d 1713, 1714 [2011]; *People v Beckingham*, 57 AD3d 1098, 1098-1099 [2008]; *People v Buss*, 44 AD3d 634, 635 [2007], *affd* 11 NY3d 553 [2008]; *People v Luck*, 294 AD2d 618, 620 [2002]).

In addition, in his pro se supplemental brief, the defendant argues that his conviction of manslaughter in the first degree was based upon legally insufficient evidence because the People failed to establish that his conduct was the legal cause of the decedent's death. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d at 621), we find that it was legally sufficient to establish that the defendant's actions were a "sufficiently direct cause" of the decedent's death (*People v DaCosta*, 6 NY3d 181, 184 [2006]

[internal quotation marks omitted]; *see Matter of Anthony M.*, 63 NY2d 270, 280-281 [1984]; *People v Aponte*, 82 Misc 2d 283, 288 [Sup Ct, Kings County 1975).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt on the count charging manslaughter in the first degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, raised in his main brief, the Supreme Court did not err in refusing to give an intoxication charge to the jury (*see* Penal Law § 15.25). Viewing the evidence in the light most favorable to the defendant (*see People v Gaines*, 83 NY2d 925, 927 [1994]), the record did not warrant the charge (*see People v Beaty*, 22 NY3d 918, 921 [2013]; *People v Gaines*, 83 NY2d at 927; *People v Oddone* 89 AD3d 868, 870 [2011], *revd on other grounds* 22 NY3d 369 [2013]; *People v Cintron*, 74 AD2d 457, 462 [1980]).

The defendant's contention in his main brief that the prosecutor engaged in misconduct in cross-examining the defense witnesses is unpreserved for appellate review since he failed to raise a timely and specific objection to any of the questions he now challenges (*see* CPL 470.05 [2]; *People v Gill*, 54 AD3d 965 [2008]; *People v Booth*, 265 AD2d 485 [1999]). In any event, the challenged questions do not warrant reversal. The prosecutor's questions during cross-examination, for the most part, were not improper (*see People v Quezada*, 116 AD3d 796, 797 [2014]; *People v Damon*, 78 AD3d 860 [2010]; *People v Overlee*, 236 AD2d 133, 139 [1997]). To the extent those questions were improper, they did not rise to the level of egregious misconduct that would have deprived the defendant of a fair trial (*see People v Quezada*, 116 AD3d at 797).

The defendant's contention in his pro se supplemental brief that the jury charge on causation was biased in favor of the People is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Davis*, 112 AD3d 959, 961 [2013]), and, in any event, without merit (*see People v DaCosta*, 6 NY3d at 184; *Matter of Anthony M.*, 63 NY2d at 280; CJI2d[NY] Cause of Death).

The defendant's contention that a mode of proceedings error occurred when the Supreme Court did not comply precisely with the requirements of *People v O'Rama* (78 NY2d 270

[1991]; CPL 310.30), in responding to a jury note requesting a rereading of the court's original charge on reasonable doubt is without merit (*see People v Alcide*, 21 NY3d 687, 694 [2013]; *People v Starling*, 85 NY2d 509, 516 [1995]; *People v DeRosario*, 81 NY2d 801, 803 [1993]; *cf. People v Walston*, 23 NY3d 986, 989 [2014]). Contrary to the defendant's contention, it is evident from the record that the court fulfilled its "core responsibilities" in responding to the jury's note (*People v Walston*, 23 NY3d at 989).

The defendant failed to preserve for appellate review his contention in his main brief that the sentences the Supreme Court imposed improperly penalized him for exercising his right to a jury trial since he failed to set forth the issue on the record at the sentencing proceeding (*see People v Hurley*, 75 NY2d 887, 888 [1990]; *People v Thompson*, 119 AD3d 966, 968 [2014]). In any event, this contention is without merit (*see People v Seymore*, 106 AD3d 1033, 1034 [2013]; *People v Romero*, 101 AD3d 906, 907 [2012]; *People v Garcia*, 46 AD3d 573, 574 [2007]).

The sentences imposed were not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Chambers, Miller and Duffy, JJ., concur.