People v Conklin (2021 NY Slip Op 06246)





People v Conklin


2021 NY Slip Op 06246


Decided on November 12, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


796 KA 16-00195

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DENNIS J. CONKLIN, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered October 9, 2015. The judgment convicted defendant, upon a jury verdict, of manslaughter in the second degree, vehicular manslaughter in the second degree, driving while intoxicated (two counts), reckless driving, and four traffic infractions. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing those parts convicting defendant of two counts of driving while intoxicated and dismissing counts five and six of the indictment, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, manslaughter in the second degree (Penal Law § 125.15 [1]), vehicular manslaughter in the second degree (§ 125.12 [1]), and two counts of driving while intoxicated (DWI) (Vehicle and Traffic Law § 1192 [2], [3]). The case arose from a fatal motorcycle accident resulting in the death of defendant's passenger.
Contrary to defendant's contention concerning the admission in evidence of certain expert testimony regarding chemical test results measuring defendant's blood alcohol content (BAC), we conclude that "[t]he People presented a proper foundational basis 'from which the trier of fact could reasonably conclude that the [blood] test results were derived from a properly functioning machine' " (People v Kirkey, 17 AD3d 1149, 1149-1150 [4th Dept 2005], lv denied 5 NY3d 764 [2005], quoting People v Freeland, 68 NY2d 699, 701 [1986]). It is well established that "the scientific reliability and accuracy of a machine measuring [BAC] for forensic purposes must be established before such test results may be admitted in evidence" (People v Campbell, 73 NY2d 481, 485 [1989]). The People must establish that the testing equipment was in " 'proper working order' " (People v Dargento, 302 AD2d 924, 924 [4th Dept 2003], quoting People v Todd, 38 NY2d 755, 756 [1975]). If the People fail to "elicit testimony from the witness who conducted the test as to whether the testing equipment was properly calibrated and whether the test was properly performed on the particular blood sample taken from defendant . . . , the BAC test results should not [be] admitted" (People v Grune, 12 AD3d 944, 945 [3d Dept 2004], lv denied 4 NY3d 831 [2005]). Here, the People's forensic expert testified that, before testing the blood sample in question, he verified the reliability and accuracy of the testing equipment by performing routine quality control tests. Specifically, he used samples containing no ethanol to ensure that the machine was not contaminated, and used "samples of known concentration" to calibrate it.
We reject defendant's further contention that he was denied effective assistance of counsel. Viewing the evidence, the law, and the circumstances of this case in their totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Contrary to defendant's additional contention, County Court did not err in denying his challenge for cause with respect to a certain prospective juror. Even assuming, arguendo, that the prospective juror's statements raised a serious doubt regarding his ability to be impartial, the court elicited from him an unequivocal statement on the record that he would decide the case impartially and based on the evidence (see People v Harris, 19 NY3d 679, 685 [2012]; People v Garcia, 148 AD3d 1559, 1559 [4th Dept 2017], lv denied 30 NY3d 980 [2017]).
As defendant further contends and the People correctly concede, the DWI counts of which defendant was convicted are inclusory concurrent counts of vehicular manslaughter in the second degree (see People v Osborne, 60 AD3d 1310, 1310-1311 [4th Dept 2009], lv denied 12 NY3d 919 [2009], reconsideration denied 13 NY3d 798 [2009]; see generally People v Miller, 6 NY3d 295, 300-303 [2006]; People v Scott, 61 AD3d 1348, 1350 [4th Dept 2009], lv denied 12 NY3d 920 [2009], reconsideration denied 13 NY3d 799 [2009]). Thus, those DWI counts must be dismissed as a matter of law (see Osborne, 60 AD3d at 1311), and we therefore modify the judgment accordingly.
Finally, the sentence is not unduly harsh or severe.
Entered: November 12, 2021
Ann Dillon Flynn
Clerk of the Court