People v Elwell (2022 NY Slip Op 00875)





People v Elwell


2022 NY Slip Op 00875


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
CHERYL E. CHAMBERS
LINDA CHRISTOPHER, JJ.


2018-05144
 (Ind. No. 122/16)

[*1]The People of the State of New York, respondent,
v
Jonathan Elwell, appellant.


Alan McGeorge, Nanuet, NY, for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Jacob B. Sher and Renada N. Lewis of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Rockland County (David Zuckerman, J.), rendered February 21, 2018, convicting him of assault in the second degree, vehicular assault in the second degree, leaving the scene of an incident without reporting, and driving while intoxicated (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress the results of a blood alcohol test.
ORDERED that the judgment is affirmed.
In the early morning hours of October 14, 2015, as the defendant was driving southwest on Route 202, his vehicle crossed the double yellow line and collided with a vehicle traveling in the opposite direction. Following a jury trial, the defendant was convicted of assault in the second degree, vehicular assault in the second degree, leaving the scene of an incident without reporting, and driving while intoxicated (two counts).
Contrary to the defendant's contention, the County Court properly denied that branch of his omnibus motion which was to suppress the blood alcohol test results. The defendant consented to the blood test while at a hospital (see People v Gore, 117 AD3d 845), and the record reflects that the defendant, who was aware at the time that an attorney had been retained to represent him, did not ask to consult with counsel prior to giving his consent (see People v Washington, 23 NY3d 228, 232). The defendant's further contention that his consent was involuntary because he was not under arrest at the time he was given refusal warnings (see Vehicle and Traffic Law § 1194[2][b][1][A]; People v Ellis, 190 Misc 2d 98, 105-106 [County Ct, Cattaraugus County], affd 309 AD2d 1314) is unpreserved for appellate review, and we decline to reach it in the exercise of our interest of justice jurisdiction.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of assault in the second degree (Penal Law § 120.05[4]), vehicular assault in the second degree (Penal Law § 120.03[1]), driving while intoxicated per se in violation of Vehicle and Traffic Law § 1192(2), and driving while intoxicated (common law) in violation of Vehicle and Traffic Law § [*2]1192(3), beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to these crimes was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the County Court erred in failing to provide a circumstantial evidence charge to the jury is unpreserved for appellate review (see CPL 470.05[2]; People v Joseph, 114 AD3d 878, 879). In any event, a circumstantial evidence charge was not required since the People's case against the defendant consisted of both direct and circumstantial evidence (see People v Santiago, 22 NY3d 990, 991-992).
The defendant's contention that the People failed to establish the chain of custody for the blood evidence recovered in this case is without merit (see People v Bain, 85 AD3d 1193, 1194). Any deficiencies in the chain of custody affected only the weight of the evidence, not its admissibility (see id. at 1194).
The defendant's remaining contention is without merit.
BARROS, J.P., IANNACCI, CHAMBERS and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court