People v Mohamed (2024 NY Slip Op 00538)

People v Mohamed

2024 NY Slip Op 00538

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, OGDEN, GREENWOOD, AND NOWAK, JJ.

910 KA 20-01315

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ISMAIL MOHAMED, DEFENDANT-APPELLANT. 

PETER J. DIGIORGIO, JR., UTICA, FOR DEFENDANT-APPELLANT.
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (DAWN CATERA LUPI OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oneida County Court (Robert Bauer, J.), rendered December 6, 2019. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree (two counts) and grand larceny in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of two counts of robbery in the second degree (Penal Law § 160.10 [1], [3]) and one count of grand larceny in the fourth degree (§ 155.30 [8]).
To the extent that defendant preserved for our review his contention that the conviction is not supported by legally sufficient evidence (see generally People v Gray, 86 NY2d 10, 19 [1995]), that contention lacks merit (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Further, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Inasmuch as defense counsel consented to the annotations on the verdict sheet by stating after his review of the verdict sheet that it was "fine," defendant waived his contention that the verdict sheet was improperly annotated (see People v Liggins, 195 AD3d 1464, 1466 [4th Dept 2021], lv denied 38 NY3d 928 [2022]).
We reject defendant's contention that he received ineffective assistance of counsel (see People v Baker, 58 AD3d 1069, 1072 [3d Dept 2009], affd 14 NY3d 266 [2010]; People v Collins, 167 AD3d 1493, 1497-1498 [4th Dept 2018], lv denied 32 NY3d 1202 [2019]; People v Person, 153 AD3d 1561, 1563-1564 [4th Dept 2017], lv denied 30 NY3d 1118 [2018]; see also People v Conley, 192 AD3d 1616, 1620-1621 [4th Dept 2021], lv denied 37 NY3d 1026 [2021]; see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Defendant failed to preserve for our review his contention that, in sentencing him, County Court penalized him for exercising his right to a trial (see People v Hurley, 75 NY2d 887, 888 [1990]; People v Britton, 213 AD3d 1326, 1328 [4th Dept 2023], lv denied 39 NY3d 1140 [2023]). In any event, that contention lacks merit. "[T]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was being punished for asserting [his] right to trial," and there is no indication in the record before us that the court acted in a vindictive manner based on defendant's exercise of the right to a trial (People v Garner, 136 AD3d 1374, 1374 [4th Dept 2016], lv denied 27 NY3d 997 [2016] [internal quotation marks omitted]; see People v Moses, 197 AD3d 951, 954-955 [4th Dept 2021], lv denied 37 NY3d 1097 [2021], reconsideration denied 37 NY3d 1163 [2022]; People v Urrutia, 2 AD3d 1475, 1476 [4th Dept 2003], lv denied 2 NY3d 765 [2004]). Finally, defendant's sentence is not unduly harsh or severe.
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court