■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES PHILLIPS, Appellant.—Appeal from a judgment of the County Court of Schenectady County, rendered December 31, 1975, convicting defendant, upon his plea of guilty, of the crime of reckless driving and operating a motor vehicle while his ability was impaired. After his arrest on July 1, 1975, the defendant was indicted by the Grand Jury of Schenectady County in an indictment charging violations of subdivisions 2 and 3 of section 1192 of the Vehicle and Traffic Law. After plea bargaining, the defendant ultimately pled guilty to reckless driving and driving while his ability was impaired. On December 31, 1975 the court sentenced the defendant to a three-year period of probation and revoked the defendant's operator's license for a like period upon his plea to reckless driving, and to a conditional discharge on the plea of operating a motor vehicle while his ability was impaired. On this appeal the defendant contends that the sentence of three years probation and the revocation of his license for the same period of time were unauthorized and illegal and further asserts that the court did not comply with CPL 170.10 (subd 4, par [b]) and CPL 410.10 (subd 1) and seeks to have the sentence "set aside". The District Attorney, while filing no brief, concedes by letter that the defendant was "improperly sentenced" and asks that the case be remitted to the County Court so that the defendant may be resentenced. Section 1190 of the Vehicle and Traffic Law provides, inter alia, that one convicted of its violation shall be guilty of a misdemeanor, but no specific punishment is provided. Section 1801, however, provides that: "Every person convicted of a misdemeanor for a violation of any of the provisions of this chapter for which another penalty is not provided shall for a first conviction thereof be punished by a fine of not more than one hundred dollars or by imprisonment for not more than thirty days or by both". Since the offense is defined and a penalty provided for outside of the Penal Law, the offense here is, pursuant to paragraph (e) of subdivision 2 (probably should read [c]) of section 55.10 of the Penal Law, designated as an unclassified misdemeanor and the maximum term of probation which is authorized by section 65.00 (subd 3, par [d]) of the Penal Law is one year. Accordingly, since the sentence imposed was unauthorized, the matter must be remitted to the County Court for resentencing. This conclusion makes consideration of the remaining issues unnecessary. Judgment modified, on the law, by vacating the sentence imposed and matter remitted for resentencing, and, as so modified, affirmed. Koreman, P. J., Greenblott, Sweeney, Main and Larkin, JJ., concur.