■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LLOYD DEMETSENARE, Appellant. [663 NYS2d 299] —Mikoll, J. P. Appeal from a judgment of the County Court of Delaware County (Estes, J.), rendered December 9, 1996, upon a verdict convicting defendant of the crimes of vehicular manslaughter in the second degree (two counts) and failure to keep right.

This matter stems from an accident occurring on December 29, 1995 at 9:30 P.M. in which defendant, operating a 1995 Chevrolet S-10 Blazer on County Route 18 in the Town of Stamford, Delaware County, crossed a double-yellow pavement marking, continued across the left lane and onto the left shoulder of the road striking Eleanor Shepard, who was operating a snowmobile. The victim was crossing Route 18 from defendant's right to his left. The impact was between the left rear of the snowmobile and the front fender of defendant's car. The victim died immediately from the injuries sustained in the impact.

Defendant was charged in a six-count indictment with vehicular manslaughter in the second degree (two counts), lesser included offenses of criminally negligent homicide, driving while intoxicated under Vehicle and Traffic Law § 1192 (2) and driving while intoxicated under Vehicle and Traffic Law § 1192 (3), and failure to keep right. Defendant was convicted of all six counts. County Court, in response to a posttrial motion by defendant, dismissed the convictions based on criminally negligent homicide, driving while intoxicated pursuant to Vehicle and Traffic Law § 1192 (2) and driving while intoxicated pursuant to Vehicle and Traffic Law § 1192 (3), finding that they were lesser included offenses of the crimes for which defendant had also been convicted.

Prior to sentence, defendant moved to set aside the verdict for juror misconduct. A hearing was held whereupon County Court denied the motion. Defendant was sentenced to an indeterminate term of imprisonment of 2⅓ to 7 years for vehicular manslaughter in the second degree (count 1), fined $5,000 and a $155 surcharge was imposed. On count 2, vehicular manslaughter in the second degree, he was sentenced to 2⅓ to 7 years, to run concurrently with the sentence imposed on count 1; for failure to keep right (count 6), County Court imposed a maximum 15-day term of imprisonment and a $100 fine. Defendant's license to drive was revoked for one year.

Defendant contends that he is entitled to have the verdict set aside in that he was prejudiced at trial as a result of jury misconduct. To prevail on such a motion defendant must demonstrate by a fair preponderance of the evidence that the alleged improper conduct was unknown to him prior to the verdict and that it affected a substantial right of his (*see*, CPL 330.30 [2]; 330.40 [2] [g]).

The instant conduct involved a juror's failure to advise that his 12-year-old son had been a victim of a crime (arson). At the time of jury service, no charges had been laid as to the crime. The juror explained that he forgot about the incident and was not sure if his son was a crime victim. He said he did not know if formal charges would be laid. He stated that the incident did not affect his deliberations or bias him against defendant. The juror also answered that he believed an accused must have done something wrong if he is charged with a crime. The court credited the juror's explanations. We conclude that County Court's determination is entitled to great weight and we decline to disturb the court's resolution of this issue (*see*, *People v Rosenthal*, 264 App Div 822, *revd on other grounds* 289 NY 482).

Defendant contends that rebuttal evidence was improperly offered in this case after the prosecution rested. The prosecution presented Sherry Stewart as a rebuttal witness after indicating to County Court before recess of the previous day that it did not anticipate any rebuttal testimony. The District Attorney explained that before the prior evening he was unaware that Stewart, an employee of a restaurant near the accident scene, saw defendant the night of the accident and had information regarding the issue of defendant's intoxication, which would rebut testimony offered by defense witness Brian Fitch and testimony as to the removal of beer cans from defendant's motor vehicle by defendant's wife. County Court permitted the witness to be called pursuant to CPL 260.30 (7).

We conclude that County Court did not abuse its discretion in permitting Stewart to testify. "The statutory framework * * * is not a rigid one and the common-law power of the trial court to alter the order of proof 'in its discretion, and in furtherance of justice' remains at least up to the time the case is submitted to the jury" (*People v Olsen*, 34 NY2d 349, 353, quoting *People v Benham*, 160 NY 402, 437 [citations omitted]). Defendant's witness Fitch had opined that defendant did not appear intoxicated. Thus, Stewart's testimony was relevant to contradict Fitch's evidence whereby defendant endeavored to prove that he was not visibly intoxicated (*see, People v Lebrun*, 126 AD2d 913, 913-914, *lv denied* 69 NY2d 882).

Defendant next contends that the verdict should have been set aside on the ground that Stewart committed perjury. We disagree. Defendant's argument is based on changes in Stewart's testimony. The variance has to do with when Stewart heard about the trial of the case and when she contacted the authorities to offer testimony. We consider these to be minor inconsistencies and find that they did not render her testimony perjurious or incredible as a matter of law. They merely raised a question of credibility which was properly resolved by the trier of fact (*see, People v Cotroneo*, 199 AD2d 670, *lv denied* 83 NY2d 851).

Defendant next urges that County Court erred when it denied his motion to dismiss counts 1 and 2 of the indictment as multiplicitous pursuant to CPL 210.20 (1) (in that the first count alleged the offense of manslaughter based on violation of Vehicle and Traffic Law § 1192 [2] and the second count the same offense based on violation of Vehicle and Traffic Law § 1192 [3]). An indictment is multiplicitous when "two separate counts * * * charge the same crime" (*People v Kindlon*, 217 AD2d 793, 794-795, *lv denied* 86 NY2d 844). Multiplicity does

not exist, however, "if each count requires proof of an additional fact that the other does not" (*id.*, at 795). County Court found that violations of subdivisions (2) and (3) of Vehicle and Traffic Law § 1192 were intended to be neither mutually inclusive nor mutually exclusive. While we agree that a defendant may be charged with operating a motor vehicle while in an intoxicated condition in separate counts, one pursuant to Vehicle and Traffic Law § 1192 (2) and one pursuant to Vehicle and Traffic Law § 1192 (3), here, however, counts 1 and 2 charged defendant with the same crime—manslaughter in the second degree pursuant to Penal Law § 125.12 as to the same victim (*see, People v Senisi*, 196 AD2d 376, 382)—and the court should have dismissed count 2 as duplicitous.

Defendant next contends that County Court erred in admitting testimony that defendant refused to submit to a chemical test in view of the fact that a court-ordered chemical test was performed and its results admitted into evidence. While the evidence sought was before the court, defendant's refusal to take the test was nonetheless admissible as relevant "to show [the] defendant's consciousness of guilt" (*People v MacDonald*, 227 AD2d 672, 674, *affd* 89 NY2d 908). We further find no merit in defendant's contention that results of the chemical test were improperly admitted. The test was administered within two hours after defendant was arrested in compliance with Vehicle and Traffic Law § 1192 (2). We note that such time limitation is not applicable in any event to chemical tests performed pursuant to a court order (*see, People v McGrath*, 135 AD2d 60, *affd* 73 NY2d 826).

We reject as well defendant's contention that there was no probable cause for defendant's arrest and that the verdict was not based on legally sufficient evidence. Defendant contends that the victim caused the accident by crossing the road on a snowmobile as he approached, causing him to swerve to his left to try to avoid hitting her and landing in the field off the left side of the road. The People's witnesses, on the other hand, contended that the victim was almost totally across the road and that defendant struck her in the left rear, as she was entering the field, after crossing the double-yellow lines and entering the other side of the road. Defendant's car was placed by witnesses off the road on the wrong side of the highway at impact. Defendant was described as intoxicated by several witnesses and with failing to observe the road ahead while driving. We cannot say that the verdict was against the weight of the evidence and find that the evidence supports defendant's conviction.

Defendant's challenge to the sufficiency of the evidence before the Grand Jury is not properly before us. Where, as here, defendant has been convicted upon legally sufficient evidence after trial, a challenge to the sufficiency of Grand Jury testimony is precluded (*see, People v Schulze*, 224 AD2d 729, 730, *lv denied* 88 NY2d 853; *see also,* CPL 210.30 [6]).

We reject defendant's contention that double jeopardy forecloses his conviction based on a prior suspension of his license pursuant to Vehicle and Traffic Law § 510 (3) for the same events. A suspension of a license in a civil administrative proceeding does not preclude a subsequent criminal prosecution (*see, Matter of Smith v County Ct.*, 224 AD2d 89, 90, *lv denied* 89 NY2d 807).

Defendant's contention that his sentence was harsh or excessive is also rejected. Given the severity of the crime and defendant's prior alcohol-related conviction, County Court did not abuse its discretion in the imposition of sentence. It should not be disturbed.

We have considered defendant's other allegations of error and find them without merit and decline to otherwise address them.

Crew III, White, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as found defendant guilty of vehicular manslaughter in the second degree under count 2 of the indictment; said count dismissed and matter remitted to the County Court of Delaware County for further proceedings pursuant to CPL 460.50 (5); and, as so modified, affirmed.