■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN B. HENSON, JR., Appellant. [692 NYS2d 778] —Yesawich Jr., J. Appeal from a judgment of the County Court of Otsego County (Coccoma, J.), rendered July 13, 1998, upon a verdict convicting defendant of the crimes of murder in the second degree (two counts), burglary in the first degree, burglary in the second degree (two counts), and petit larceny.

As his victim lay sleeping in his home which is located in the Town of Springfield, Otsego County, defendant entered the house and proceeded to steal, among other things, a compact disc player and the victim's wallet. While in the victim's bedroom pilfering the wallet, defendant, fearing that the victim · had been awakened, struck him with a baseball bat. The victim died shortly thereafter.

One week after this occurred, defendant was interviewed by State Police investigators, participated in a polygraph test and ultimately confessed to the theft and murder. Defendant's statement was reduced to writing and as a result of a subsequent search (the product of a warrant and defendant's written consent) various articles of physical evidence were recovered from defendant's home and car. After a combined *Huntley / Mapp / Dunaway* hearing, County Court denied defendant's motion to suppress his written confession, as well as certain other oral admissions and denied in part defendant's motion to suppress certain of the physical evidence seized by the police. Defendant was convicted by a jury of two counts of second degree murder, charging him with depraved indifference to human life and felony murder, one count of burglary in the first degree, two counts of burglary in the second degree and petit larceny. Defendant was sentenced to an indeterminate prison term of 25 years to life for his convictions of murder in the second degree and to lesser terms for the other crimes, all to run concurrently with the murder sentences. Defendant appeals.

We reject defendant's claim that the ninth and tenth counts of the indictment (each alleging burglary in the second degree) warranted dismissal on the ground that they were multiplicitous. Where each count requires proof of an element not essential to the other, an indictment is not multiplicitous (*see*,

*People v Demetsenare*, 243 AD2d 777, 778-779, *lv denied* 91 NY2d 833; *People v Kindlon*, 217 AD2d 793, 794-795, *lv denied* 86 NY2d 844). Here, the tenth count required proof that defendant entered or remained knowingly in a dwelling with the intent to commit the crime of larceny (*see*, Penal Law § 140.25 [2]). This plainly is not the same crime as that charged in the ninth count, which required proof that, among other things, defendant intended to use or threatened to use a dangerous instrument while knowingly entering or remaining unlawfully in a building (*see*, Penal Law § 140.25 [1] [c]).

Also lacking in merit is defendant's argument that the State Police used the polygraph examination, to which defendant voluntarily submitted, as a psychological tool to coerce defendant's confession; the alleged coercion consisted essentially of the polygraphist's representation that the polygraph machine was infallible and in neglecting to advise defendant that the test results were inadmissible in court proceedings. The State Police investigator who administered the test and whose testimony was credited by County Court testified that the test was fully explained to defendant and, that when confronted with the test results, defendant admitted killing the victim. As the circumstances surrounding administration of the polygraph test cannot fairly be viewed as "evidence of police stratagems or deception so fundamentally unfair as to deny defendant due process" (*People v Sobchik*, 228 AD2d 800, 802), suppression of defendant's statements was not called for (*cf.*, *People v Leonard*, 59 AD2d 1).

Nor was the voluntariness of these statements compromised by the fact that defendant was not permitted—he was 18 years old at the time—to place a telephone call to his mother. Initially, it is not at all clear from the record that he was prevented from making the call. But even if that were so, suppression would still not be dictated, as he was a legally competent adult (*see*, *People v Shepard*, 259 AD2d 775, 776; *People v Crawford*, 256 AD2d 719, 720-722, *lv denied* 92 NY2d 1048).

Defendant's other arguments have been considered and been found wanting.

Cardona, P. J., Crew III, Peters and Graffeo, JJ., concur. Ordered that the judgment is affirmed.