■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS J. MORRISEY, Appellant. [799 NYS2d 642]—

Kane, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered July 14, 2004, convicting defendant upon his plea of guilty of the crimes of vehicular manslaughter in the second degree and criminally negligent homicide.

---

Defendant was operating a motor vehicle which was involved in a one-car accident, resulting in the death of one of the vehicle's passengers. A police officer arrested defendant in the hospital emergency room after detecting multiple signs of intoxication. The officer read defendant his driving while intoxicated refusal warnings and *Miranda* warnings. Defendant's response to the officer's request for submission to a blood test is in dispute; at the suppression hearing, the officer testified that defendant consented while defendant testified that he did not consent. A blood test was administered and yielded a blood alcohol content of .20%. Defendant was indicted for the crimes of vehicular manslaughter in the second degree and criminally negligent homicide. Following the suppression hearing, County Court denied defendant's motion, finding that defendant consented to the blood test, but that even if he did not consent, the test was appropriately administered based on implied consent under Vehicle and Traffic Law § 1194 (2) (a) (1). Defendant subsequently pleaded guilty to both counts of the indictment, and now appeals.

County Court correctly denied defendant's motion to suppress the blood test results. Defendant contends that the test results should be suppressed because he did not consent to the test and, alternatively, if he did consent then he was confused and did not understand what he was doing. It is irrelevant whether defendant expressly consented or was confused when his driving while intoxicated warnings were read to him. "Any person who operates a motor vehicle in this state shall be deemed to have given consent to a chemical test" of their blood, provided that the test is administered within a certain time period and at the direction of a police officer having reasonable cause to believe that the person operated a vehicle while under the influence of drugs or alcohol (Vehicle and Traffic Law § 1194 [2] [a]). "Where these conditions are satisfied, the statute furnishes authority for the administration of a blood alcohol test even in the absence of a court order or the suspect's actual consent" (*People v Goodell*, 79 NY2d 869, 870 [1992]). Upon a driver's refusal to submit to a chemical test, the test shall not be given until a court order is obtained (*see* Vehicle and Traffic Law § 1194 [3] [b]).

Considering that blood can be taken from an unconscious defendant for purposes of a chemical test based on the statutorily implied consent (*see People v Kates*, 53 NY2d 591 [1981]), it is immaterial whether a defendant gives express consent "so long as he [or] she does not refuse" (*People v Wade*, 118 Misc 2d 330, 336 [1983]). As the Court of Appeals noted, "it would have been

odd if the Legislature had provided that the blood test and the penalties for refusal designed to remove drunken drivers from the road would become inapplicable when the driver has, by excessive drinking or injuries sustained in a related accident, made himself incapable of consenting or refusing to submit to the test" (*People v Kates, supra* at 596). Although defendant claims that he did not expressly consent, he never testified that he refused the test. By driving on the roads in this state, defendant gave a statutorily implied consent to submit to a chemical test of his blood. Hence, County Court correctly denied his motion to suppress the blood test results.

Crew III, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.