Rose, J.
Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered September 6, 2011, upon a verdict convicting defendant of the crime of reckless driving.
Defendant was driving on a two-lane highway in the Town of Florida, Montgomery County in the early morning hours of October 2010 when her vehicle crossed the center line of the roadway and collided head-on with a vehicle traveling in the opposite direction. The driver of the other vehicle was killed instantly and defendant was rendered unconscious. Montgomery County Undersheriff Jeffrey Smith responded to the accident scene and, after a preliminary investigation, ordered a blood draw from the still unconscious defendant. The results of the chemical test of the blood indicated the presence of various narcotics proscribed by Public Health Law § 3306. A grand jury handed down a seven-count indictment, County Court denied defendant’s motion to suppress the results of the blood test and, following a jury trial, she was acquitted of the first six counts of the indictment but convicted of reckless driving. County Court sentenced defendant to 30 days in jail and one year of probation.
County Court properly denied the motion to suppress the results of the blood test. New York’s implied consent law provides that a police officer having reasonable grounds to believe that a person has been operating a vehicle while under the influence of alcohol or drugs may, within two hours of the arrest of such person, direct a chemical blood test (see Vehicle and Traffic Law § 1194 [2] [a] [1], [2]; People v Goodell, 79 NY2d 869, 870 [1992]; People v Centerbar, 80 AD3d 1008, 1009 [2011]; People v Morrisey, 21 AD3d 597, 598 [2005]). If there is probable cause to arrest, a formal arrest of an unconscious driver is not required (see People v Goodell, 79 NY2d at 870; People v LeRow, 70 AD3d 66, 70 [2009]; People v Carkner, 213 AD2d 735, 739 [1995], lv denied 86 NY2d 733 [1995]). Probable cause is determined based on the totality of circumstances and requires “ ‘information sufficient to support a reasonable belief that an offense has been or is being committed or that evidence of a crime may be found in a certain place’ ” (People v Fenger, 68 AD3d 1441, 1442 [2009], quoting People v Bigelow, 66 NY2d 417, 423 [1985]). It does not require proof beyond a reasonable doubt that a crime was committed and may be supported by reliable hearsay information (see People v Bigelow, 66 NY2d at *1594 423; People v Jacob, 81 AD3d 977, 978 [2011], lv denied 16 NY3d 859 [2011]).
The evidence at the suppression hearing established that Smith, the highest ranking officer at the scene, ordered the chemical blood test after making a preliminary determination that defendant was at fault for the accident by crossing the center line of the roadway and colliding with the other vehicle near the fog line. There was also testimony that two bottles of prescription pills were found in defendant’s glove box. A member of the ambulance crew on the scene told a deputy, in Smith’s presence, that one of the bottles contained benzodiazepine. Smith testified that he was aware of the existence of the pills in defendant’s vehicle, heard comments about the pills and based his decision to order the blood test, in part, on their presence in the vehicle.
We agree with County Court’s conclusion that the preliminary determination of defendant’s fault in causing the accident and the presence of pills in defendant’s vehicle that fall within the Vehicle and Traffic Law definition of drugs (see Vehicle and Traffic Law §§ 114-a, 1192 [3], [4]; Public Health Law § 3306 [Schedule IV]) provided probable cause for Smith to order the blood test. Although defendant argues that County Court improperly relied on Doe v Axelrod (136 AD2d 410, 416 [1988], mod 73 NY2d 748 [1988]) for the conclusion that benzodiazepine is listed in Public Health Law § 3306, she does not contest the accuracy of the information in that decision, which explains that benzodiazepines are classified in Schedule IV of Public Health Law § 3306. Although defendant claims that the pills played no role in the determination to order the blood test, we will defer to County Court’s determination to credit Smith’s testimony that he considered the pills in ordering the test (see People v Prochilo, 41 NY2d 759, 761 [1977]; People v Story, 81 AD3d 1168, 1168 [2011]).
Defendant also contends that the evidence at trial was legally insufficient to support the conviction for reckless driving. We are not persuaded. Vehicle and Traffic Law § 1212 defines reckless driving as “driving or using any motor vehicle ... in a manner which unreasonably interferes with the free and proper use of the public highway, or unreasonably endangers users of the public highway.” More than mere negligence is required, and the term has been held to mean “the running or operation of an automobile under such circumstances as to show a reckless disregard of the consequences” (People v Grogan, 260 NY 138, 143-144 [1932]).
Here, the People established that the accident was caused by *1595 defendant’s failure to keep right and that there was no evidence that the weather conditions, hydroplaning or any mechanical failure played any role in the accident. A blood test performed on decedent was negative for the presence of drugs and alcohol, while the blood test performed on defendant revealed the presence of three drugs that are listed in Public Health Law § 3306 and were not administered by emergency personnel after the accident. Specifically, the chemical test performed on defendant’s blood revealed the presence of, among other things, hydrocodone, an opiate, morphine, a strong opiate, and meprobamate, a muscle relaxant and central nervous system depressant. Viewing the evidence in a light most favorable to the People, the jury could reasonably infer that defendant, in reckless disregard of the consequences, ingested these drugs, drove her car across the center line of the highway and collided with decedent’s vehicle (see People v McGrantham, 12 NY3d 892, 894 [2009]; People v Devoe, 246 NY 636 [1927]; 8A NY Jur 2d, Automobiles and Other Vehicles § 946; see also People v Ladd, 89 NY2d 893, 895 [1996]).
Finally, defendant argues that probation is not an authorized sentence because the punishment for reckless driving is governed by Vehicle and Traffic Law § 1801 (1), which, as relevant here, provides for punishment of a fine and/or imprisonment of up to 30 days. We cannot agree. Penal Law § 65.00 (1), which provides the criteria for a sentence of probation, applies “upon conviction of any crime.” Reckless driving, an unclassified misdemeanor (see Vehicle and Traffic Law § 1212; Penal Law § 55.10 [2] [c]), is a crime and, accordingly, the imposition of a one-year period of probation was authorized and will not be set aside (see Penal Law § 65.00 [3] [d]; People v Phillips, 53 AD2d 798 [1976]).
Mercure, J.P, Stein, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Montgomery County for further proceedings pursuant to CPL 460.50 (5).