*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 9, 2015                107233
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Appellant-
                        Respondent,

        v                                    MEMORANDUM AND ORDER

BRENDAN HOFFMAN,
                        Respondent-
                        Appellant.
_____

Calendar Date:   June 1, 2015

Before:  Lahtinen, J.P., Lynch, Devine and Clark, JJ.

_____

        Joel E. Abelove, District Attorney, Troy (Vincent O'Neill
of counsel), for appellant-respondent.

        Danielle Neroni Reilly, Albany, for respondent-appellant.

_____

Lynch, J.

        Appeals (1) from an order of the County Court of Rensselaer
County (Young, J.), rendered April 7, 2014, which granted
defendant's motion for a trial order of dismissal, and (2) from a
judgment of said court, rendered April 25, 2014, upon a verdict
convicting defendant of the crimes of vehicular manslaughter in
the first degree (three counts), manslaughter in the second
degree, driving while intoxicated (three counts) and leaving the
scene of an incident without reporting.

        Shortly after midnight on June 28, 2012, defendant and
Christopher Baker (hereinafter the victim), who had both been

drinking beer and smoking marihuana throughout the evening, left the victim's home in a Dodge Neon registered to defendant's father. As the car proceeded southbound on Cranston Hill Road in the Town of Stephentown, Rensselaer County, a northbound driver, Levi Borghi, observed the car cross the double yellow line, swerve into the southbound lane, strike a culvert pipe and flip several times before landing on its roof. The victim was ejected from the car. Borghi approached and observed defendant within the upended car, unconscious and stretched on the roof. Borghi called 911, but before help arrived, defendant woke and was able to crawl from the vehicle. Amber Walker, the sister of defendant's girlfriend, happened to be driving past. Walker stopped her car, recognized defendant, and drove him from the scene. Before leaving, defendant did not tell Borghi or Walker that the victim had been in the car with him. First responders arrived and Borghi told them that defendant had just left. Rensselaer County deputy sheriffs on the scene called to have the car towed and the area was cleared of glass and debris. In the meantime, the victim's family learned of the accident and, concerned that he may have been in the car, began searching for him in the darkness. Sadly, a sheriff's deputy found the victim's body at approximately 5:15 a.m. in some brush about 20 feet from the edge of the road.

Defendant was thereafter charged in a 13-count indictment with three counts each of aggravated vehicular homicide, vehicular manslaughter in the first degree and driving while intoxicated, and one count each of manslaughter in the second degree, leaving the scene of an incident without reporting, reckless driving and operating a motor vehicle in violation of the conditions of a conditional license. After County Court severed the final charge pursuant to CPL 200.60, the case proceeded to a jury trial, where defendant was convicted on all remaining counts. The court subsequently granted defendant's renewed motion for a trial order of dismissal and set aside the verdict as to the three counts of aggravated vehicular homicide (counts 1, 4 and 7) and the single count of reckless driving (count 12). Defendant was then sentenced to an aggregate prison term of 5 to 15 years. The People now appeal from County Court's order dismissing four counts of the indictment and defendant appeals from the judgment of conviction.

Defendant first argues that several of the counts in the indictment should have been dismissed as multiplicitous. An indictment "is multiplicitous when a single offense is charged in more than one count" (People v Alonzo, 16 NY3d 267, 269 [2011]). Accordingly, "[a]n indictment cannot charge a defendant with more than one count of a crime that can be characterized as a continuing offense unless there has been an interruption in the course of conduct" (People v Quinones, 8 AD3d 589, 589-590 [2004] lv denied 3 NY3d 710 [2004]; accord People v. Moore, 59 AD3d 809, 810-811 [2009]). "Where each count requires proof of an element not essential to the other, [however,] an indictment is not multiplicitous" (People v Henson, 263 AD2d 550, 550 [1999] [citations omitted]; lv denied 93 NY2d 1044 [1999]; see People v Kindlon, 217 AD2d 793, 795 [1995], lv denied 86 NY2d 844 [1995]).

Counts 2, 5 and 8 of the indictment charged defendant with vehicular manslaughter in the first degree pursuant to Penal Law § 125.13 (3), which requires proof that defendant (1) committed the crime of vehicular manslaughter in the second degree and (2) had been convicted within the preceding 10 years of violating Vehicle and Traffic Law § 1192 (see Penal Law § 125.13 [3]). Counts 1, 4 and 7 of the indictment charged defendant with aggravated vehicular homicide pursuant to Penal Law § 125.14 (3), which requires proof that defendant (1) committed the crime of vehicular manslaughter in the second degree, (2) engaged in reckless driving and (3) had previously been convicted of a Vehicle and Traffic Law § 1192 violation within the preceding 10 years. As relevant here, a person is guilty of vehicular manslaughter in the second degree when he or she operates a motor vehicle in violation of Vehicle and Traffic Law § 1192 (2), (3) or (4-a) thereby causing the death of another person (see Penal Law § 125.12 [1]).

In our view, these charges were predicated upon the same statutory provisions (see Penal Law §§ 125.13 [3]; 125.14 [3]), act and victim, differing only in the nature of defendant's impairment. In this regard, defendant was alleged to have been driving while per se intoxicated (counts 1 and 2), in an intoxicated condition (counts 4 and 5) and impaired by a combination of drugs or alcohol and drugs (counts 7 and 8) (see Vehicle and Traffic Law §§ 1192 [2], [3], [4-a]). The essential

elements of both crimes do not address the specific manner in which defendant was impaired; rather, they include only a single offense of some form of impaired driving as defined within Penal Law § 125.12 (1). Accordingly, counts 4 and 7 should have been dismissed as multiplicitous of count 1, and counts 5 and 8 must be dismissed as multiplicitous of count 2 (see People v Demetsenare, 243 AD2d 777, 779-780 [1997], lv denied 91 NY2d 833 [1997]; People v Senisi, 196 AD2d 376, 382 [1994]; see also People v Barnes, 64 AD3d 890, 892-893 [2009], lv denied 13 NY3d 858 [2009]).[1]

Next, we turn to the parties' arguments with regard to the weight and sufficiency of the evidence presented to the jury. First, the People contend that County Court should not have granted defendant's motion to dismiss the counts charging aggravated vehicular homicide (counts 1, 4 and 7) and reckless driving (count 12). As set forth above, the crime of aggravated vehicular homicide requires proof of reckless driving as defined by the Vehicle and Traffic Law § 1212 (see Penal Law § 125.14). Relevant here, reckless driving is defined as "driving or using any motor vehicle . . . in a manner which unreasonably interferes with the free and proper use of the public highway, or unreasonably endangers users of the public highway" (Vehicle and Traffic Law § 1212). "[R]eckless driving 'calls for evidence showing something more than mere negligence'" (People v Goldblatt, 98 AD3d 817, 819 [2012], lv denied 20 NY3d 932 [2012], quoting People v Grogan, 260 NY 138, 143 [1932]; see People v Bohacek, 95 AD3d 1592, 1594 [2012]), and reckless driving has been defined as operating a vehicle "under such circumstances as to show a reckless disregard of the consequences" (People v Grogan, 260 NY at 143-144; see People v Bohacek 95 AD3d at 1594).

We find that County Court erred by dismissing the aggravated vehicular homicide and reckless driving counts as

---

[1] We note that defendant was properly charged under multiple subsections of Vehicle and Traffic Law § 1192 for driving while intoxicated (see People v Demetsenare, 243 AD2d at 780).

legally insufficient. "A motion for a trial order of dismissal may be granted where the trial evidence, if accepted as true without considering questions as to the quality or weight of the evidence, is legally insufficient to establish every element of the offense charged" (People v Sala, 258 AD2d 182, 188 [1999] [citation omitted], affd 95 NY2d 254 [2000]). Further, "[i]n determining whether the verdict is supported by legally sufficient evidence, [a] [c]ourt must view the evidence in the light most favorable to the prosecution and determine whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the fact finder on the basis of the evidence at trial" (id. [internal quotation marks and citation omitted]).

In our view, the trial evidence was sufficient to demonstrate that defendant engaged in reckless driving. Two of defendant's friends testified that they were with defendant during the hours before the accident and that defendant was intoxicated after drinking steadily from approximately 6:00 p.m. on June 27, 2012 until the time he left the victim's house at approximately 12:45 a.m. on June 28, 2012, and that he smoked marihuana at least two times during that time. When defendant left the victim's house, the victim followed him because he was "not okay to drive." Borghi testified that defendant's car drove toward him "at a high rate of speed" and across the double-yellow line approximately two feet into his lane. Borghi watched as defendant's car "went screeching by [him]," then he saw the tires lose traction and the car flip. The evidence also showed that defendant's blood alcohol content was 0.057% approximately 6½ hours after the accident and his blood tested positive for marihuana. There was expert testimony that, given defendant's weight and the type of alcohol consumed, defendant's blood alcohol content would have been between 0.125% and 0.226% at the time of the accident. Viewing the evidence in the light most favorable to the People (see People v Delamota, 18 NY3d 107, 113 [2011]), the cumulative evidence that defendant became intoxicated, drove at a high rate of speed, crossed the center line and lost control of the car was sufficient to permit the jury to conclude that defendant drove in reckless disregard of the consequences (see People v Reichel, 110 AD3d 1356, 1363-1364 [2013], lv denied 22 NY3d 1090 [2014]; People v Goldbatt, 98 AD3d

at 820; <u>People v Bohacek</u>, 95 AD3d at 1595; <u>People v Ladd</u>, 224 AD2d 881, 882 [1996], <u>affd</u> 89 NY2d 893 [1996]). It follows that the verdict on counts 1 and 12 must be reinstated.[2]

Next, defendant contends that his convictions for vehicular manslaughter in the first degree, manslaughter in the second degree, driving while intoxicated and leaving the scene of an accident without reporting were against the weight of the evidence. Review of such a claim requires us to "first . . . determine whether an acquittal would not have been unreasonable. If so, the court must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions. Based on the weight of the credible evidence, the court then decides whether the jury was justified in finding the defendant guilty beyond a reasonable doubt" (<u>People v Danielson</u>, 9 NY3d 342, 348 [2007] [citation omitted]). Here, defendant claims that the People failed to prove beyond a reasonable doubt that he was the driver of the Dodge Neon that crashed on Cranston Hill Road.

The testimony at trial was that in the afternoon before the accident, defendant, the victim, the victim's sister and another friend went to an individual's home to drink beer and play horseshoes after they finished work at the victim's family's flower farm. It was defendant who drove the four in the Dodge Neon from the farm to the home, but the victim drove them from the home to his own house, where the group continued to drink, smoke marihuana and play card and video games. At some point during the evening, defendant's girlfriend arrived and both the friend and victim's sister testified that there was obvious tension between them. When defendant left abruptly, the victim asked the others if he should go after him, because, according to the friend, defendant was not "okay to drive." The accident happened not much more than a mile from the victim's home.

Borghi testified that when defendant crawled from the car

---

[2]  Having dismissed counts 4 and 7 as multiplicitous, the verdict on these counts is not reinstated.

after the accident, he recognized defendant as an acquaintance. According to Borghi, defendant was "shaky, nervous [and] panicking" and said that Borghi had to "get [him] out of [the area]." When Borghi asked if anyone else was in the car, defendant did not answer. Walker took defendant from the scene to the home that she shared with her mother and sisters. While there, a deputy sheriff arrived looking for defendant, and defendant hid in Walker's room.

The physical evidence at trial was that the roof on the passenger side of the Dodge Neon was crushed more than the driver's side. The People's medical expert, Michael Sikirica, opined that the victim's fatal injuries were sustained when his head struck the passenger's side roof while inside the car. Further, Sikirica testified that due to the nature of the injuries, the victim's head hit something soft, like the covered interior roof, rather than something hard or jagged. In contrast, there was testimony from defendant's expert that, based on his review of photographs of the scene, the wrecked vehicle, and his own inspection and reconstructions, it was the driver who would have been ejected from the car. Given this divergent testimony, we recognize that it would not have been unreasonable for the jury to conclude that defendant was not driving the Dodge Neon. When we view the evidence in a neutral light and accord deference to the jury's credibility determinations (see People v Romero, 7 NY3d 633, 644 [2006]; People v Peryea, 68 AD3d 1144, 1147 [2009]), we find that the jury gave the proper weight to the evidence regarding the operation of the vehicle and, therefore, defendant's convictions are not against the weight of the evidence (see People v Reichel, 110 AD3d at 1363).

Next, defendant claims that County Court should have suppressed evidence obtained as a result of the warrantless seizure of the Dodge Neon. Testimony at the suppression hearing established that, at the request of law enforcement, defendant's vehicle was removed from the accident scene and taken to an unsecured lot, where it remained for several hours until it was transported — at the direction of a Rensselaer County deputy sheriff — to a secure impound lot. While defendant does not contest the initial towing from the accident scene, he claims that the seizure of the vehicle from the unsecured lot to the

secured lot was unconstitutional.  We disagree.  "It is well settled that once the police possess a reasonable belief that the vehicle was, in some way, associated with the crime and that a search of the vehicle would produce the fruits, instrumentalities, contraband or evidence of the crime the police can conduct[] a warrantless search and seizure of the vehicle" (People v Sweezey, 215 AD2d 910, 914 [1995], lv denied 85 NY2d 980 [1995] [internal quotation marks and citations omitted]). Here, the vehicle was moved from a lot where it was easily accessible to any member of the public to the secure lot only after it became clear that it was involved in a fatal accident. Accordingly, County Court properly denied defendant's motion to suppress.

We have considered defendant's remaining arguments and find them to be without merit.

Lahtinen, J.P., Devine and Clark, JJ., concur.

ORDERED that the order and judgment are modified, on the law, by (1) reversing defendant's convictions of vehicular manslaughter in the first degree under counts 5 and 8 of the indictment and (2) reversing so much of the order as granted defendant's motion for a trial order of dismissal and set aside the verdict as to aggravated vehicular manslaughter under counts 1 and 12 of the indictment; counts 5 and 8 dismissed, the sentences imposed thereon vacated, the verdict on counts 1 and 12 reinstated and matter remitted to the County Court of Rensselaer County for sentencing on counts 1 and 12; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court