(June 15, 2017)

█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACLYN S. WESLEY, Also Known as JACLYN MICHALSKI, Appellant. [56 NYS3d 639]—

Aarons, J. Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered January 22, 2014, convicting defendant following a nonjury trial of the crimes of vehicular manslaughter in the first degree (three counts) and driving while intoxicated (two counts).

In May 2011, defendant was driving on Route 88 in the Town of Fenton, Broome County when she hit the middle highway barrier and swerved into the Chenango River. Defendant was able to escape, but the three passengers in her vehicle drowned and died. In connection with this incident, defendant was charged with vehicular manslaughter in the first degree (three counts), driving while intoxicated per se and driving while intoxicated. Prior to trial, defendant moved to suppress a blood sample taken from her and the results of the chemical test revealing that defendant had a 0.09% blood alcohol content. After a suppression hearing, County Court denied defendant's motion. Following a nonjury trial, defendant was convicted as charged and sentenced to an aggregate prison term of 3 to 9 years. Defendant appeals arguing that County Court erred in its suppression ruling.

A police officer may arrest a person without a warrant if a violation of Vehicle and Traffic Law § 1192 is "coupled with an accident or collision in which such person is involved, which in fact has been committed, though not in the police officer's presence, when the officer has reasonable cause to believe that the violation was committed by such person" (Vehicle and Traffic Law § 1194 [1] [a]). Under New York's implied consent law, a person who operates a motor vehicle in this state is deemed to have consented to a chemical test of his or her blood provided that a police officer has reasonable grounds to believe that such person was driving under the influence of drugs or alcohol and the chemical test is administered "within two hours after such person has been placed under arrest" (Vehicle and Traffic Law § 1194 [2] [a] [1]; see People v Bohacek, 95 AD3d 1592, 1593 [2012]). While a person may refuse the chemical test, in which case a court order would be required (see People v Morrisey, 21 AD3d 597, 598 [2005]), "the person's express consent is not required" (People v Centerbar, 80 AD3d 1008, 1009

[2011]). Accordingly, "it is immaterial whether a defendant gives express consent so long as he or she does not refuse" (*People v Morrisey*, 21 AD3d at 598 [internal quotation marks, brackets and citation omitted]).

At the suppression hearing, Daniel Thomas, a deputy with the Broome County Sheriff's Office, testified that, when he responded to the accident scene, defendant was wet and "screaming and yelling very hysterical[ly]." Defendant told Thomas that she had been driving and was involved in an accident. Thomas, however, did not see any damage or any other vehicles in the area. Defendant pointed to the river and Thomas saw that the guardrail "was bent a little bit." Thomas went to the guardrail, looked over and saw headlights under the water. During his conversation with defendant, Thomas noticed a "strong odor of alcoholic beverage coming from her breath." Defendant told Thomas that she had a half glass of wine at dinner. Even though a field sobriety test was not performed, other law enforcement officials who responded to the accident scene similarly testified that they detected an odor of alcohol on defendant's breath. Defendant was subsequently taken to the hospital.

Thomas testified that, when he arrived at the hospital, defendant was lying on a bed and was connected to an IV. Thomas performed a horizontal gaze nystagmus test and, based on such test, he concluded that defendant was intoxicated. At 1:47 a.m., Thomas advised defendant that she was under arrest and read her the chemical consent warnings. Thomas explained that these warnings advise a person that he or she is being placed under arrest and ask whether he or she will consent to a chemical test of his or her blood. Even though defendant appeared to be "a little sleepy" and her eyelids were "droopy" and "half shut," she responded to Thomas' questions with logical answers and Thomas described her as "cooperative." When Thomas asked her to sign a consent refusal form, defendant merely answered that she did not want to sign it because of pain in her wrist. Thomas testified that, at 2:15 a.m., a nurse drew blood from defendant in his presence.

Defendant asserts that her arrest was invalid because reasonable cause to believe that she was driving in violation of Vehicle and Traffic Law § 1192 was lacking. We disagree. Given her admissions that she had consumed wine with her dinner and was involved in a motor vehicle accident, the testimony from several officers detecting the odor of alcohol on defendant's breath and Thomas' opinion that defendant was intoxicated after administering the horizontal gaze nystagmus test,

we conclude that reasonable cause existed to believe that defendant was driving in violation of Vehicle and Traffic Law § 1192 and, therefore, defendant's arrest was valid (*see* Vehicle and Traffic Law § 1194 [1] [a]; *People v Kowalski*, 291 AD2d 669, 670 [2002]; *People v Grow*, 249 AD2d 686, 687 [1998]; *People v Bagley*, 211 AD2d 882, 883 [1995], *lv denied* 86 NY2d 779 [1995]; *People v Rollins*, 118 AD2d 949, 950 [1986]). Furthermore, inasmuch as the record evidence demonstrates that defendant did not refuse the chemical test and that such test was administered approximately 30 minutes after Thomas arrested defendant, we conclude that the law enforcement officials appropriately relied upon the implied consent provisions of Vehicle and Traffic Law § 1194 to have defendant's blood withdrawn and tested (*see People v Morrisey*, 21 AD3d at 598-599). Accordingly, we find no error in County Court's suppression ruling.

Finally, defendant failed to preserve her contention that the implied consent provisions of Vehicle and Traffic Law § 1194 are unconstitutional (*see People v Lancaster*, 143 AD3d 1046, 1052 [2016], *lv denied* 28 NY3d 1147 [2017]). We further note that the record does not indicate that defendant advised the Attorney General that she was challenging the constitutionality of a New York statute (*see* Executive Law § 71 [1], [3]; *People v Alsaifullah*, 130 AD3d 1321, 1322 [2015]).

Peters, P.J., Garry, Lynch and Clark, JJ., concur. Ordered that the judgment is affirmed.