People v Madera (2018 NY Slip Op 05378)





People v Madera


2018 NY Slip Op 05378


Decided on July 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 19, 2018

109724

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DAMIAN MADERA, Appellant.

Calendar Date: June 7, 2018

Before: Garry, P.J., McCarthy, Lynch, Devine and Mulvey, JJ.


Kouray & Kouray, Schenectady (Steven X. Kouray of counsel), for appellant.
Robert M. Carney, District Attorney, Schenectady (Tracey A. Brunecz of counsel), for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a judgment of the Supreme Court (Michalski, J.), rendered January 3, 2017 in Schenectady County, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
Police responded to dispatch calls alleging that defendant and Jaharia Lind produced a handgun during an altercation with two other individuals, and they quickly spotted and stopped a vehicle matching the description of the one used by defendant and Lind and containing what appeared to be both of them. Thereafter, an officer arrived and his K-9 partner indicated that there was a firearm present in the vehicle. Defendant and Lind were then detained and the vehicle was towed to secure it while
the police applied for a search warrant. A search warrant was subsequently approved and police found a handgun in the vehicle's center console.
After defendant was charged by indictment, he unsuccessfully moved to, among other things, suppress the evidence obtained from the vehicle. Defendant then pleaded guilty to criminal possession of a weapon in the second degree in satisfaction of the indictment. Supreme Court sentenced defendant to the agreed-upon prison term of five years to be followed by five years of postrelease supervision. Defendant appeals, and we now affirm.
Defendant's challenges on appeal all relate to the denial of his suppression motion. It is well-settled that "[o]nce the police possess[] a reasonable belief that [a] vehicle [is], in some [*2]way, associated with the crime and that a search of the vehicle would produce the fruits, instrumentalities, contraband or evidence of a crime, they [can] conduct[] a warrantless search and seizure of the vehicle" (People v Martin, 141 AD2d 854, 855 [1988] [internal quotation marks and citations omitted], lvs denied 73 NY2d 853, 857 [1988]; accord People v Hoffman, 130 AD3d 1152, 1157-1158 [2015], lv denied 26 NY3d 1009 [2015]). The testimony provided at the suppression hearing established that the police officers who stopped the vehicle were aware of reports that defendant and Lind had been involved in a domestic dispute and had a gun, and a canine sniff produced a "hit" that indicated the presence of explosives or firearms in the vehicle (see People v Hoffman, 130 AD3d at 1158; People v Sweezey, 215 AD2d 910, 914 [1995], lv denied 85 NY2d 980 [1995]). Hence, it was clear that reasonable grounds existed to believe that a search of the vehicle would be fruitful, and it was properly seized and towed to a secure location so that any weapons in the vehicle would be secure pending the issuance of a search warrant.
The police searched the vehicle pursuant to a search warrant obtained a few hours later and, contrary to defendant's contention, the warrant properly was supported by a sworn application that relied upon written reports, the written statements from police officers involved in the investigation and a statement from Lind that the firearm was in the center console of the vehicle. According deference to the suppression court's credibility determination, we agree that the foregoing established probable cause justifying the search of the vehicle (see People v Alberts, 161 AD3d 1298, 1302-1303 [2018], lv denied ___ NY3d ___ [June 29, 2018]; People v Church, 31 AD3d 892, 894 [2006], lv denied 7 NY3d 866 [2006]). Thus, the warrant and the ensuing search were valid and suppression was properly denied.
Garry, P.J., McCarthy, Lynch and Mulvey, JJ., concur.
ORDERED that the judgment is affirmed.