People v O'Brien (2020 NY Slip Op 04971)





People v O'Brien


2020 NY Slip Op 04971


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-00987
 (Ind. No. 468/16)

[*1]The People of the State of New York, respondent,
v
Christopher G. O'Brien, appellant.


Laurette D. Mulry, Riverhead, NY (Lisa Marcoccia of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Timothy P. Finnerty of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Fernando Camacho, J.), rendered December 13, 2017, convicting him of manslaughter in the second degree, vehicular manslaughter in the second degree (four counts), driving while intoxicated in violation of Vehicle and Traffic Law § 1192(2), driving while intoxicated in violation of Vehicle and Traffic Law § 1192(3), driving while ability impaired by drugs in violation of Vehicle and Traffic Law § 1192(4), driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs in violation of Vehicle and Traffic Law § 1192(4-a), and reckless driving, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress his statements to law enforcement officials and evidence of his refusal to submit to a chemical blood test.
ORDERED that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the defendant's convictions of vehicular manslaughter in the second degree under counts 5, 6, and 7 of the indictment, driving while intoxicated in violation of Vehicle and Traffic Law § 1192(2), driving while intoxicated in violation of Vehicle and Traffic Law § 1192(3), driving while ability impaired by a drug in violation of Vehicle and Traffic Law § 1192(4), and driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs in violation of Vehicle and Traffic Law § 1192(4-a), vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.
We agree with the County Court's denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements he made to law enforcement officials, as the evidence established that the statements were voluntarily made after the defendant knowingly, intelligently, and voluntarily waived his Miranda rights (see Miranda v Arizona, 384 US 436; People v Sicilianonunez, 172 AD3d 912, 913-914). Although the defendant maintained that, at the time he waived his Miranda rights, his decision-making ability was impaired by a sedative medication that had been administered to him by hospital staff, the totality of the circumstances established that the defendant understood both the nature of the rights he was waiving and the consequences of his decision to abandon those rights (see People v Schompert, 19 NY2d 300, 305; People v Van Guilder, 29 AD3d 1226, 1227-1228; People v Bell, 131 AD2d 859, 860-861). The court's determination to credit the testimony of the police witnesses who had observed the defendant's demeanor firsthand, [*2]notwithstanding the testimony of the defendant's forensic toxicology expert, was supported by the record and will not be disturbed on appeal (see People v Osbourne, 178 AD3d 956, 957).
Moreover, we agree with the County Court's determination denying that branch of the defendant's omnibus motion which was to suppress evidence of the defendant's refusal to submit to a test to determine his blood alcohol content, since the hearing evidence was sufficient to support the conclusion that the defendant was at least twice given clear and unequivocal warnings of the effect of his refusal to submit to the test and that he persisted in his refusal to take it (see Vehicle and Traffic Law § 1194[2][f]; People v McMahon, 149 AD3d 1102, 1102; People v Cousar, 226 AD2d 740, 740-741).
The defendant's contention that the counts of vehicular manslaughter in the second degree under counts 4 through 7 of the indictment (see Penal Law § 125.12[1]) were multiplicitous is unpreserved for appellate review (see CPL 470.05[2]; People v Campbell, 120 AD3d 827, 827). Nevertheless, under the circumstances presented here, we review this contention in the interest of justice (see CPL 470.15[a]; People v Senisi, 196 AD2d 376, 381-382).
"An indictment is multiplicitous when two separate counts charge the same crime" (People v Saunders, 290 AD2d 461, 463; see People v Senisi, 196 AD2d at 382). "Multiplicity does not exist where each count requires proof of an additional fact that the other does not," or where "a conviction on one count would not be inconsistent with acquittal on the other" (People v Saunders, 290 AD2d at 463 [internal quotation marks omitted]). "If an indictment is multiplicitous it creates the risk that a defendant will be punished for, or stigmatized with a conviction of, more crimes than he actually committed" (People v Alonzo, 16 NY3d 267, 269).
The defendant was charged with four counts of vehicular manslaughter in the second degree. As relevant here, "[a] person is guilty of vehicular manslaughter in the second degree when he or she causes the death of another person, and . . . operates a motor vehicle in violation of subdivision two, three, four or four-a of section eleven hundred ninety-two of the vehicle and traffic law, . . . and as a result of such intoxication or impairment by the use of a drug, or by the combined influence of drugs or of alcohol and any drug or drugs, operates such motor vehicle . . . in a manner that causes the death of such other person" (Penal Law § 125.12[1]). Counts 4 through 7 of the indictment were predicated on the defendant's alleged violation of four distinct subdivisions of Vehicle and Traffic Law § 1192.
While the People contend that each count of vehicular manslaughter required them to prove additional facts that the others did not, in fact, the People were only required to prove that the defendant violated one subdivision of Vehicle and Traffic Law § 1192 in order to prove his guilt under Penal Law § 125.12(1). The People's election to proceed on a theory that the defendant had violated more than one such subdivision by presenting evidence of his multiple, distinct manners of intoxication was not necessary to establish his guilt (see People v Charles, 61 NY2d 321, 327-328; People v Hoffman, 130 AD3d 1152; cf. People v Nunez-Garcia, 178 AD3d 1087, 1088). Thus, a conviction on one count of vehicular manslaughter in the second degree would have been inconsistent with an acquittal on any other count charging the same offense predicated upon a different manner of intoxication (cf. People v Barber, 133 AD3d 868, 869). Accordingly, we agree with the defendant that counts 5, 6, and 7 of the indictment were multiplicitous of count 4 (see People v Hoffman, 130 AD3d at 1154; see also People v Demetsenare, 243 AD2d 777, 779-780). Although the dismissal of the multiplicitous counts will not affect the duration of the defendant's sentence of imprisonment, it is nevertheless appropriate to dismiss these counts in consideration of the stigma attached to the redundant convictions (see People v Alonzo, 16 NY3d 267, 269; People v Campbell, 120 AD3d 827, 827-828).
As the People concede, the defendant's convictions of driving while intoxicated in violation of subdivisions (2) and (3) of Vehicle and Traffic Law § 1192 and driving while ability impaired under subdivisions (4) and (4-a) of Vehicle and Traffic Law § 1192 are inclusory concurrent counts of vehicular manslaughter in the second degree (Penal Law § 125.12[1]; see Vehicle and Traffic Law § 1192[2], [3], [4], [4-a]; People v Davis, 112 AD3d 959, 961; People v [*3]Bain, 85 AD3d 1193, 1194). Accordingly, those convictions must also be reversed (see CPL 300.40[3][b]).
The sentences imposed on the convictions of manslaughter in the second degree, vehicular manslaughter in the second degree under count 4 of the indictment, and reckless driving were not excessive (see People v Suitte, 90 AD2d 80).
The defendant's contention that the County Court's failure to announce a verdict as to count 7 of the indictment requires reversal of his conviction has been rendered academic by our determination that count 7 must be dismissed as multiplicitous of count 4.
The defendant's remaining contentions are without merit.
RIVERA, J.P., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court