People v Jackson (2023 NY Slip Op 03510)

People v Jackson

2023 NY Slip Op 03510

Decided on June 29, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 29, 2023

112302
[*1]The People of the State of New York, Respondent,
v
Kiona Jackson, Appellant.

Calendar Date:April 27, 2023

Before:Garry, P.J., Aarons, Pritzker, Ceresia and Fisher, JJ.

Dennis J. Lamb, Troy, for appellant.
Mary Pat Donnelly, District Attorney, Troy (George J. Hoffman Jr. of counsel), for respondent.

Aarons, J.
Appeal from a judgment of the County Court of Rensselaer County (Jennifer G. Sober, J.), rendered December 11, 2019, convicting defendant upon her plea of guilty of the crimes of manslaughter in the second degree and criminally negligent homicide.
Defendant was charged by indictment with manslaughter in the second degree and criminally negligent homicide when her son, who was almost two years old at the time, died after being struck in the abdomen with a closed fist. Prior to trial, defendant moved to suppress various statements that she made to law enforcement officials. Following a Huntley hearing, County Court denied defendant's motion. Defendant then pleaded guilty as charged without a sentencing promise from the court. The court thereafter sentenced defendant to a prison term of 5 to 15 years for her conviction of manslaughter in the second degree and to a lesser concurrent prison term for her conviction of criminally negligent homicide. Defendant appeals.
Defendant contends that, in the absence of Miranda warnings during three separate interviews in the summer of 2018, the statements that she made to law enforcement officials should have been suppressed as a product of an unlawful custodial interrogation. We disagree. The record reflects that defendant was neither handcuffed while being interviewed by law enforcement officials nor otherwise restricted in her movement (see People v Lyons, 200 AD3d 1222, 1224 [3d Dept 2021], lv denied 37 NY3d 1162 [2022]). At the interviews, defendant was cooperative, she spoke freely, she was never told that she could not leave and she was not subject to accusatory questioning (see People v Underdue, 89 AD3d 1132, 1133 [3d Dept 2011], lv denied 19 NY3d 969 [2012]). Furthermore, at the first interview, defendant appeared with her mother, who remained in the interview room, and, at another one, her boyfriend was with her in the room. Under all of these circumstances and deferring to County Court's factual determinations, defendant's statements were not given in a custodial setting such that Miranda warnings would have been required (see People v Eriksen, 145 AD3d 1110, 1111 [3d Dept 2016], lv denied 28 NY3d 1183 [2017]; People v Mercado, 113 AD3d 930, 931-932 [3d Dept 2014], lv denied 23 NY3d 1040 [2014]; People v Langlois, 17 AD3d 772, 773-774 [3d Dept 2005]).
Regarding the two interviews conducted in October 2018, defendant was advised of her Miranda rights at both of them. That said, law enforcement officials may use a degree of guile as part of their questioning, and "such stratagems need not result in involuntariness without some showing that the deception was so fundamentally unfair as to deny due process or that a promise or threat was made that could induce a false confession" (People v Tarsia, 50 NY2d 1, 11 [1980] [internal citations omitted]). The record does not support defendant's assertion that her admissions that she struck the child with a closed fist stemmed from unduly coercive or deceptive [*2]police conduct (see People v Jeremiah, 147 AD3d 1199, 1203-1204 [3d Dept 2017], lv denied 29 NY3d 1033 [2017]; People v Scaringe, 137 AD3d 1409, 1412 [3d Dept 2016], lv denied 28 NY3d 936 [2016]) or psychological coercion (see People v Henson, 263 AD2d 550, 551 [3d Dept 1999], lv denied 93 NY2d 1044 [1999]) such that she was denied due process or was induced to give a false confession. Accordingly, County Court correctly concluded that defendant's admissions made in October 2018 to law enforcement officials were voluntary (see People v Weaver, 167 AD3d 1238, 1243-1244 [3d Dept 2018], lv denied 33 NY3d 955 [2019]; People v Neal, 133 AD3d 920, 923 [3d Dept 2015], lv denied 26 NY3d 1110 [2016]; People v Jaeger, 96 AD3d 1172, 1174 [3d Dept 2012], lv denied 19 NY3d 997 [2012]).
Finally, despite the imposition of the maximum possible sentence by County Court, the sentence is not unduly harsh or severe (see People v James, 176 AD3d 1492, 1496 [3d Dept 2019], lv denied 34 NY3d 1078 [2019]; People v Peryea, 68 AD3d 1144, 1147 [3d Dept 2009], lv denied 14 NY3d 804 [2010]). We decline defendant's request to reduce the sentence in the interest of justice.
Garry, P.J., Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.